Daniel LUKENSOW and Victoria Lukensow, Plaintiffs,

v.

HARLEY CARS OF NEW YORK, Harley Cars of New York, Ltd., William I. Harley, Caroline T. Harley, Andrew Harley, Sims Harley, Advance Service Corp. and European Motor Cars, Inc., Defendants.

No. 86 Civ. 4489 (PKL).

United States District Court, S.D. New York.

Feb. 1, 1989.

Smith, Ranscht, Pollock, Manos & Connors, White Plains, N.Y. (George A. Sirignano, Jr., of counsel), for defendants.

## MEMORANDUM OPINION & ORDER

LEISURE, District Judge:

This is an action for the alleged breach of a contract for the purchase of an automobile. The action was filed on June 6, 1986 and is presently before the Court on defendant William I. Harley's motion for summary judgment, pursuant to Fed.R. Civ.P. 56(c).

### *Motion for Summary Judgment*

On January 13, 1989, defendant William I. Harley brought, pursuant to Fed.R. Civ.P. 56(c), a motion for summary judgment. Plaintiffs neither responded to said motion, nor contacted the Court to offer a legitimate excuse for this deficiency. Despite plaintiffs' lack of due diligence, the Court determined not to enter à default at that time, instead granting plaintiffs with one final opportunity to respond to defendant William I. Harley's motion for summary judgment. *See* Order, dated January 18, 1989.[1] At that time, the Court advised that "failure by plaintiffs to serve answering papers to this motion for summary judg-

ment by January 31, 1989 will result in a default judgment being granted." *Id; see generally* Fed.R.Civ.P. 55; Rule 3 of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York; *Marzilliano v. Heckler,* 728 F.2d 151 (2d Cir.1984) (affirming district court's refusal to set aside motion for attorney's fees granted by default).

Nevertheless, despite ample time and warning, plaintiffs have neither responded to the instant motion nor offered any excuse for their failure to this Court. Consequently, defendant William I. Harley's motion for summary judgment, being unopposed, is granted by default. Defendant is ordered to submit a judgment, in accordance with this opinion, forthwith.

### *Failure to Prosecute*

This action has been dormant since January, 1987. On June 2, 1988 this Court granted plaintiffs' counsel, Bruce A. Hubbard, Esq., leave to withdraw. Hubbard indicated that he had had no written or oral responses to correspondence from plaintiffs since May 27, 1987. Affidavit of Bruce A. Hubbard, Esq., sworn to on June 1, 1988 ("Hubbard Aff.") ¶ 8. Hubbard also noted that pursuant to this Court's directive at a conference held on January 22, 1988, he contacted his clients "to advise them of the discussions that took place on that date and the requirement that they participate fully by their cooperation and presence in the prosecution of this civil action."[2] Hubbard Aff. ¶ 7. No response was forthcoming. Hubbard supplied both this Court and defense counsel with plaintiffs' current address. Despite this information, neither the Court nor defendants have been able to contact plaintiffs. Subsequently, in an Order dated January 18, 1989, the Court stated that it "hereby gives

---

1. A copy of this Order was mailed to plaintiffs at their last known address, in California, but was returned, unopened, by the Postal Service, marked "undeliverable as addressed forwarding order expired." As discussed more particularly, *infra,* plaintiffs' prior counsel encountered similar difficulty in communicating with plaintiffs and in obtaining their cooperation in this lawsuit.

2. These requirements were also communicated in writing by Certified Mail, Return Receipt Requested, to the plaintiffs, Daniel C. Lukensow and Victoria Lukensow and their counsel in California over one month earlier. Hubbard Aff. ¶ 7.

plaintiff notice that their continued failure to diligently prosecute this action will result in dismissal pursuant to Fed.R.Civ.P. 41(b)."

■ A dismissal for lack of prosecution pursuant to Fed.R.Civ.P. 41(b) is a matter committed to the sound discretion of the trial Court. *See, e.g., Harding v. Federal Reserve Bank of New York,* 707 F.2d 46 (2d Cir.1983). A District Court may, *sua sponte*[3], dismiss an action for lack of prosecution. *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Saylor v. Bastedo,* 623 F.2d 230 (2d Cir.1980); *Taub v. Hale,* 355 F.2d 201 (2d Cir.1966); *Prudential Lines, Inc. v. Marine Repair Services, Inc.,* 94 F.R.D. 325 (E.D.N.Y.1982). This control is necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases. It is not the duty of the Court to whom this protracted case has been assigned to contact plaintiffs and to urge or require them to prosecute this action, nor are defendants under any duty to take any steps to bring this case to trial.

■ The following factors must be considered in determining whether this Court should exercise its discretion and dismiss a suit for failure to prosecute pursuant to Rule 41(b): (1) the duration of plaintiffs' failures; (2) whether plaintiffs have received notice that further delays would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *Alvarex v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (*quoting Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983); *Romandette v. Weetabix Company,* 807 F.2d 309 (2d Cir. 1986). The Court recognizes that dismissal of an action for failure to prosecute is a harsh remedy, *Ali A. Tamini v. M/V Je-*

*won,* 808 F.2d 978 (2d Cir.1987), however, in this situation it is justified.

■ First, the Court notes that there has been a complete lack of prosecutorial effort in this action since January 1987. In a letter to the Court dated December 31, 1986, Daniel Lukensow informed the Court that plaintiffs and their counsel, Bruce Hubbard, Esq., were involved in a fee dispute in California. As a result, Daniel Lukensow indicated that Hubbard would no longer be representing plaintiffs and therefore requested copies of all prior court proceedings. This letter is the last communication this Court has had with plaintiffs. Moreover, plaintiffs' counsel asserted, at the time of his withdrawal, that he had had no contact with plaintiffs since May of 1987.

■ Secondly, although consideration of lack of proper notice is not improper, *Finley v. Parvin/Dohrmann Co.,* 520 F.2d 386, 392 (2d Cir.1975), there is no requirement that prior notice of the dismissal be given. *Link v. Wabash,* 370 U.S. at 633, 82 S.Ct. at 1390. This case was filed June 9, 1986, and has been inactive for a full two years. Plaintiffs were warned in January, 1988, that they must fully cooperate in, and pursue this matter. Additionally, in the Order dated January 18, 1989, plaintiffs were specifically put on notice that their continued failure to prosecute diligently this action would result in dismissal pursuant to Fed.R.Civ.P. 41(b). Despite these warnings to plaintiffs no cooperation has been forthcoming. Moreover, as this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile. The Court notes that any inability to receive actual notice of the proceedings was of plaintiffs' own doing. Nothing prevented them from leaving a forwarding address or otherwise staying in contact with the Court. *Cf. Maduak-*

---

**3.** Fed.R.Civ.P. 41(b) does not, by negative implication, prohibit involuntary dismissals for failure of plaintiff to prosecute except upon motion of defendant. *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The purpose of Rule 41(b) was not to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief. *Id.*

*olam v. Columbia University*, 866 F.2d 53 (2d Cir.1989).

Turning to the third factor, the Court finds prejudice has resulted to defendants from the dilatoriness of plaintiffs. The primary rationale underlying Rule 41(b) is the failure of plaintiffs in their duty to process their case diligently. Plaintiffs duty of due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants may be presumed from the length of the delay. *In re: United Merchants and Manufacturers, Inc. v. Spare Parts*, 86 B.R. 764 (S.D.N.Y.1988). *See also Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir.1984); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982); *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956). In the present instance, the two year delay, which has no end in sight, is evidence of prejudice to the remaining defendants.

Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their dockets and to deter other litigants from engaging in dilatory behavior. *Washington v. Walker, supra.* The power to dismiss for failure to prosecute exists at least, in part, "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. at 629–30, 82 S.Ct. at 1388–89.

The fourth factor to be considered is whether the need to alleviate court congestion is outweighed by plaintiffs' right to due process. In the case at bar, there can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard. The fact is that this dismissal results from plaintiffs' own conduct. The result could have been avoided by pressing their claim in the adversary proceeding. Therefore, there can be no claim by plaintiffs that their due process rights have been denied where there has been a complete lack of prosecutorial activity in this case for two years.

Finally, the Court must assess the efficacy of other sanctions. In the case at bar, no sanction other than dismissal will suffice. Plaintiffs cannot be contacted by this Court and, therefore, any lesser sanction would be both unenforceable and ineffective in this abandoned action.

## CONCLUSION

Defendant William I. Harley's motion for summary judgment is granted. Defendant William I. Harley is to submit a judgment in accordance with this opinion forthwith. The action as to the remaining defendants is dismissed with prejudice for failure to prosecute.

SO ORDERED.