**Angel MONTALVO, Plaintiff,**

**v.**

**Michael QUIGLEY and Dennis Elliot, Defendants.**

**No. 83 C 4891.**

United States District Court, E.D. New York.

Oct. 16, 1992.

Angel Montalvo, pro se.

O. Peter Sherwood, Corp. Counsel of City of New York (Vincent D'Orazio, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff brought this action under 42 U.S.C. § 1983 alleging that defendant police officers beat and kicked him while he was in custody following his arrest on October 24, 1981. Defendants now move, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for an order dismissing this action due to plaintiff's failure to prosecute.

### I

Plaintiff filed this complaint on November 8, 1983, defendants answered on August 23, 1984, and plaintiff replied on September 10, 1984.

After plaintiff failed to engage in discovery, make a motion, or otherwise pursue his claim in any meaningful fashion, defendants moved on February 5, 1988 for dismissal based on plaintiff's failure to prosecute.

A report by Magistrate Judge Amon recommended the denial of defendants' motion. She noted that plaintiff (i) could have reasonably believed that a motion to dismiss had been pending, (ii) had been understandably preoccupied by his criminal prosecution, and (iii) had never been advised by the court that his inactivity could result in dismissal. She ended her report on the following cautionary note:

There is, however, no reason why the court should tolerate any further delays in this case. Plaintiff has had more than sufficient time to attend to his criminal case. Accordingly, I also recommend that the attached discovery order be entered and that the plaintiff be warned that any further delays in the prosecution of this case will result in dismissal.

On October 26, 1988, Judge Reena Raggi, to whom this matter had been briefly reassigned, adopted the recommendations of the Magistrate Judge.

Thereafter plaintiff filed a motion to amend his complaint. The motion was denied on June 12, 1989 because plaintiff had not indicated why or in what way he wished to amend.

Since then, this court has not heard from plaintiff. He failed to attend a status conference on December 4, 1991. The docket sheet indicates that he was then incarcerated at Walkill Correctional Facility although the basis for this entry is not clear. At that time, counsel for defendants said that he intended to make the present Rule 41(b) motion.

On September 1, 1992, defendants filed a suggestion of death upon the record pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Counsel for defendants informed this court in the course of a telephone call that mail sent to the plaintiff has been returned by the United States Postal Service with an indication that plaintiff had died, and that plaintiff's probation officer told him plaintiff had died.

In any event, neither plaintiff, if he is alive, nor his successors received notice of the present motion despite reportedly diligent efforts by defendants' counsel. *See Brooks v. Flagg Bros., Inc.,* 553 F.2d 764, 768 n. 7 (2d Cir.1977) (finding that, under New York law, actions for personal injuries filed pursuant to 42 U.S.C. § 1983 survive for the benefit of plaintiff's estate); N.Y. Estate, Powers and Trusts Law § 11–3.2(b) (McKinney Supp.1992).

### II

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may

move for the dismissal of an action or claim against the defendant "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Such dismissal "operates as an adjudication upon the merits." *Id.*

Motions to dismiss for failure to prosecute under Rule 41(b) are addressed to the sound discretion of the court. In appropriate circumstances, the court may dismiss on its own motion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (affirming the trial court's *sua sponte* dismissal when, after the action was pending for six years, plaintiff's counsel twice failed to appear at pretrial conferences). Therefore, a defendant's inability to notify a plaintiff of a motion to dismiss for failure to prosecute need not prevent the court from deciding this motion.

In deciding whether to dismiss, the court should view the record as a whole and consider such factors as the duration of plaintiff's failure, whether plaintiff had received notice that further delays would result in dismissal, whether the defendant is likely to be prejudiced by further delay, "the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard," and the efficacy of lesser sanctions. *Harding v. Federal Reserve Bank*, 707 F.2d 46, 50 (1983).

While dismissal pursuant to Rule 41(b) is a harsh remedy to be granted only in extreme situations, *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972), dismissal is appropriate here. First, plaintiff has virtually never put in an appearance in the nine years since this case was filed, except to explain, four years ago, why it should not be dismissed. Moreover he has neither filed papers nor appeared before this court since his motion to amend was denied on June 12, 1989, more than three years ago. Substantially shorter delays have resulted in dismissal. *See, e.g., Lukensow v. Harley Cars of New York*, 124 F.R.D. 64 (S.D.N.Y.1989) (two year period of inactivity); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55 (S.D.N.Y.1978) (eighteen month delay).

Second, plaintiff was plainly warned four years ago that any further delay on his part would result in a dismissal. Any further effort to renew that warning would be futile as the court has no way to reach plaintiff or his successors. *See Lukensow*, 124 F.R.D. at 66.

Third, defendants reasonably claim they have been prejudiced by this delay, should the case proceed, because they would have difficulty locating potential witnesses and because the parties and any available witnesses would have difficulty remembering an incident some eleven years past.

Fourth, having provided plaintiff with repeated opportunities to be fairly heard, this court finds no purpose in burdening itself and defendants' counsel with yet another status conference and motion schedule.

Therefore, finding no other sanction appropriate in light of Judge Raggi's order, the court grants defendants' motion.

So ordered.