**Maria STOENESCU, Plaintiff,**

v.

**Elisabeth JABLONSKY, Peter Knesky, James Pascale and Princeton Township, Defendants.**

No. 93 Civ. 3500 (JES).

United States District Court, S.D. New York.

July 11, 1995.

---

Maria Stoenescu, New York City, pro se.

Mason, Griffin & Pierson, Princeton, NJ, for defendants; James F. Farrell, Elizabeth Zuckerman, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Maria Stoenescu, acting *pro se*, brings the instant action against defendants Elisabeth Jablonsky, Peter Knesky, James Pascale and Princeton Township (collectively "defendants"). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, defendants move to dismiss based upon Stoenescu's failure to prosecute the above-captioned action.

For the reasons that follow, defendants' motion to dismiss is granted.

## BACKGROUND

On May 24, 1993, Stoenescu commenced the instant action by delivering her complaint to the Pro Se Office for the United States District Court for the Southern District of New York. On May 25, 1993, Stoenescu's application to proceed *in forma pauperis* was granted. That same day, Stoenescu unsuccessfully sought preliminary injunctive relief by order to show cause. On May 26, 1993, Stoenescu filed an amended complaint. In her amended complaint, Stoenescu claims that defendants have interfered with the utilization of her rental property by, *inter alia*, precluding rentals, evicting tenants, denying occupancy and utility permits and "sustain[ing] a slender campaign."

By order dated September 14, 1993, the Court directed Stoenescu to serve process upon defendants on or before November 15, 1993, or face dismissal. By letter dated October 21, 1993, which was filed with the Clerk of the Court, Stoenescu advised the Court that she was attempting to serve process upon defendants through the United States Marshals Service (the "Marshals Service"). By letter dated November 19, 1993, the Pro Se Office advised Stoenescu to apprise the Court concerning her efforts to serve process upon defendants.[1] Stoenescu failed to do so.

On September 27, 1993, the Marshals Service attempted to serve process upon each defendant by mail in accordance with Fed. R.Civ.P. 4(d). On September 29, 1993, defendant James Pascale executed a waiver of service of process. However, the remaining three defendants did not acknowledge service of process by mail. On November 24, 1993, the Marshals Service attempted to serve defendant Princeton Township by delivering a copy of the summons and complaint to the Deputy Clerk of Princeton Township. That same day, the Marshals Service attempted to serve process upon defendant Jablonsky by delivering a copy of the summons and complaint to her secretary. On January 11,

---

1. The Pro Se Office also advised Stoenescu that, according to the chambers of the Court, she had to serve process on or before November 30, 1993.

1994, the Marshals Service served defendant Knesky by personally delivering a copy of the summons and complaint to him. On December 27, 1993, defendant Princeton Township filed an answer.[2] The remaining three defendants have not answered.

On May 27, 1993, the parties appeared for a pre-trial conference before the Court. By order dated June 29, 1993, the Court scheduled a pre-trial Conference for September 3, 1993, but that conference was adjourned. Thereafter, the Court scheduled another pre-trial conference for February 16, 1995. Stoenescu failed to appear at that conference. In view of that non-appearance, defendants stated that they would file a motion to dismiss, and the Court scheduled a pre-trial conference for June 23, 1995. On February 24, 1995, defendants filed a motion to dismiss for failure to prosecute.

By letter dated June 20, 1995, which was sent to Stoenescu's last known address, defendants requested the Court to cancel the scheduled conference, to take the motion to dismiss under submission and to grant such motion. On June 21, 1995, defendants sent a copy of such letter to Stoenescu and advised her to contact the Court with any objections in relation thereto. On June 22, 1995, the Court agreed to take the motion under submission and advised defendants that they need not appear at the conference. Stoenescu did not object to defendants' request, and she failed to appear at the conference.

## DISCUSSION

■ Although defendants move to dismiss for failure to prosecute, they also argue that the instant action should be dismissed for failure to serve process within 120 days, as required by Fed.R.Civ.P. 4(m).[3] That claim must be rejected. Under Rule 4(m), if service of process is not effected within 120 days, the action must be dismissed without prejudice only in the absence of "good cause." Under Fed.R.Civ.P. 4(c)(2)(B), because Stoenescu was proceeding *in forma pauperis*, she was entitled to have the summons and complaint served by the Marshals Service. The failure of the Marshals Service to properly effect service of process constitutes "good cause" within the meaning of Rule 4(m). *See Puett v. Blandford*, 912 F.2d 270, 274–75 (9th Cir.1990); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990); *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir.1987); *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986).[4]

■ However, the instant action should be dismissed for failure to prosecute. The United States Supreme Court has recognized the inherent power of the district court to dismiss an action for failure to prosecute, a power which has been codified in Fed.R.Civ.P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss ... for lack of prosecution has generally been considered an 'inherent power,' ... necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In determining whether to exercise its inherent power to dismiss, the Court must consider the following factors:

(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5)

---

**2.** In its answer, defendant Princeton Township asserted numerous affirmative defenses, including Stoenescu's failure to serve process within 120 days.

**3.** Under the recent amendments to the Federal Rules of Civil Procedure, effective 1993, Rule 4(m) governs the time limitations on service of process. *See* Fed.R.Civ.P. 4(m).

**4.** As noted, defendant Princeton Township filed an answer, asserting an affirmative defense of insufficiency of process. By asserting that defense in its answer, Princeton Township preserved its right to assert that defense in the instant motion. *See* Fed.R.Civ.P. 12(h)(1); *see also Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir.1991); *Krank v. Express Funding Corp.*, 133 F.R.D. 14, 16–17 (S.D.N.Y.1990). The remaining defendants, who have not filed answers, have asserted that defense in a timely fashion. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939).

whether the court has assessed the efficacy of lesser sanctions.

*Romandette*, 807 F.2d at 312 (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983)). In general, no particular factor is dispositive. *See Nita v. Conn. Dep't. of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994).

 In this case, the Court concludes that the record as a whole warrants a dismissal for failure to prosecute. Since she wrote the Court concerning service of process in October 1993, almost 21 months ago, Stoenescu has failed to prosecute this action in any manner. *See, e.g., Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–67 (2d Cir. 1980) (involving 6 months of inactivity); *West v. New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (19 months of inactivity); *Yacub v. Coughlin*, 105 F.R.D. 152, 153 (S.D.N.Y.1985) (21 months of inactivity). During that extensive period of time, Stoenescu has also failed to appear at two pre-trial conferences. *See, e.g., Yannitelli v. Navieras De Puerto Rico*, 106 F.R.D. 42, 44 (S.D.N.Y.1985) (involving failure to attend four pre-trial conferences). Moreover, although this motion itself put Stoenescu on notice that defendants were seeking dismissal, *see, e.g., Rodriguez v. Walsh*, 1994 WL 9688, at *2 (S.D.N.Y.1994); *Muhammad v. Neil*, 1994 WL 9687, at *2 (S.D.N.Y.1994); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982) (adequacy of notice turns on knowledge of consequences) (citing *Link*, 370 U.S. at 632, 82 S.Ct. at 1389), she has not responded to this motion. Where, as here, the plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law. *See Lyell*, 682 F.2d at 43. In view of the above, the Court concludes that dismissal is appropriate, and that any lesser sanction would be ineffective.

## CONCLUSION

In this case, because Stoenescu is proceeding *pro se*, the Court will dismiss the instant action without prejudice. To afford Stoenescu one final opportunity to prosecute this action, the Court hereby directs her to appear at a Pre–Trial Conference on July 28, 1995 at 1:00 p.m. in Courtroom 705.[5] If Stoenescu fails to appear at that conference, the complaint will be dismissed with prejudice and the Clerk of the Court shall be directed to close the above-captioned action.

It is **SO ORDERED.**

---

5. The defendants need not appear at the conference, unless otherwise directed by the Court.