**Babs L. LEDIJU, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT
OF SANITATION, Defendant.**

No. 95 Civ. 9942(PKL).

United States District Court.
S.D. New York.

June 2, 1997.

Babs L. Lediju, Brooklyn, pro se.

Randy Monkarsh, Assistant Corporation Counsel, the City of New York Law Department, New York City, for Defendant.

Richard Mancino, Willkie Farr & Gallagher, New York City, for Towers' Administrative Trustee.

### ORDER

LEISURE, District Judge:

Plaintiff, *pro se,* brought this action pursuant to Title VII, the Age Discrimination in

Employment Act, and the Americans With Disabilities Act, alleging that defendant refused to hire him because of his race, national origin, age, and disability. This action was referred to the Honorable Andrew J. Peck, United States Magistrate Judge, for preparation of a report and recommendation (the "Report") on defendant's motion for summary judgment. On March 26, 1997, Judge Peck issued the Report, recommending that the Court dismiss plaintiff's complaint for failure to prosecute and for failure to obey court scheduling orders. Judge Peck also recommended that defendant's motion for summary judgment be granted on the merits.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure, the parties have ten (10) days to file written objections to a report and recommendation after being served with a copy. By letter dated April 9, 1997, plaintiff requested an extension until May 12, 1997 to file objections to the Report. The Court granted the request. On May 12, 1997, the Court received a letter from plaintiff requesting a second extension until June 9, 1997. The Court granted plaintiff an extension until May 27, 1997, and notified plaintiff that no further extensions would be granted. On May 27, 1997 plaintiff called chambers and requested a third extension. The Court denied plaintiff's request. Plaintiff submitted objections to the Report on May 28, 1997. Plaintiff's objections to the Report are untimely, and in any event are without merit. Furthermore, the Court has reviewed the Report and finds that it is legally correct and proper. *See United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424 (1980) ("[Section 636(b)(1) ] permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations."). The Court therefore adopts the Report in its entirety.

1. References to "Dkt. No." are to the docket entry on the Court's PACER/CHASER electronic

**CONCLUSION**

For the reasons stated in the Report, the complaint is HEREBY DISMISSED with prejudice.

**SO ORDERED.**

*REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge:

**To the Honorable Peter K. Leisure, United States District Judge:**

Plaintiff pro se Babs L. Lediju has failed to obey court orders and failed to prosecute this action. He conducted no discovery. When defendant moved for summary judgment on July 15, 1996, plaintiff Lediju sought and received five extensions giving him five months to respond to the motion. Despite a "no further extension" ruling at the time of the fourth and fifth extensions, Lediju sought a sixth extension, which the Court denied. It is now eight months since defendant moved for summary judgment, and plaintiff Lediju has not responded to the motion. His case should be dismissed for failure to prosecute and failure to obey court scheduling orders. But even if the Court were to reach the merits of defendant's summary judgment motion, defendant is entitled to summary judgment. Lediju has not presented any evidence that defendant's failure to hire him was the result of discrimination, nor has he rebutted defendant's evidence that it hired a more qualified candidate for legitimate, non-discriminatory reasons. On default or on the merits, plaintiff's complaint should be dismissed with prejudice.

*PROCEDURAL BACKGROUND*

*The Complaint*

On October 19, 1995, plaintiff Babs L. Lediju brought his complaint against the New York City Department of Sanitation alleging discrimination due to his: race and color (African–American), national origin (Nigerian), age (born April 1, 1939) and disability ("job related injury"). (Dkt. No. 2,[1] Cplt. ¶ 7, p. 4.) The complaint alleges that plaintiff Lediju applied for several positions with the

docket sheet.

Department of Sanitation, but that defendant discriminated against him by hiring less qualified candidates. (Cplt.¶ 8, p. 5.) The complaint asserts claims under Title VII, the Age Discrimination in Employment Act, and the Americans With Disabilities Act. (Cplt., p. 2.)

### Plaintiff Lediju Conducted No Discovery

On March 8, 1996, an initial pretrial conference was held and the Court entered a Rule 16 Initial Pretrial Conference Order, setting a discovery cutoff date of June 7, 1996. (Dkt. No. 8.)

At the May 17, 1996 status conference, plaintiff Lediju stated that he had not yet initiated any discovery against defendant, because he was too busy with his other litigations.[2] The Court warned the parties that it was unlikely to extend the June 7, 1996 discovery cutoff date. (See Dkt. No. 12, 5/23/96 memo endorsed order, summarizing 5/17/96 conference; see also Dkt. Nos. 9, 15.)

On May 31, 1996, Mr. Lediju sought an extension of the discovery deadline, explaining that he still had not served any discovery requests on defendant "due to an unexpected short illness from May 20, 1996 through May 29, 1996." By memo endorsed order, the Court denied the request. (Dkt. No. 15.)

At the June 21, 1996 status conference, the Court denied Mr. Lediju's request for "reconsideration" as to an extension of the discovery cutoff date. (Dkt. No. 22: 6/21/96 Tr. at 13–15.)

Plaintiff Lediju filed objections with Judge Leisure to the denial of his applications to extend the discovery cutoff date. By Order dated August 20, 1996, Judge Leisure denied plaintiff's objections. (Dkt. No. 26.)

### Plaintiff Lediju Has Failed to Respond to the Defendant's Summary Judgment Motion

At the June 21, 1996 status conference, defendant confirmed that it would be moving for summary judgment and a schedule for the motion was set: defendant's moving papers on July 15, 1996, Mr. Lediju's opposition on August 9, and defendant's reply on August 30. (Dkt. No. 22: 6/21/96 Tr. at 12.)

Defendant timely served and filed its summary judgment motion on July 15, 1996. (See Dkt. Nos. 19–20.) Although plaintiff Lediju's response to the motion was due by August 9, 1996, on August 6, 1996 he requested an extension until August 27, 1996, because he allegedly did not receive defendant's papers on time. The Court granted Lediju's request. (Dkt. No. 23.)

On August 24, 1996 plaintiff Lediju requested a second extension, to September 15, 1996, admitting that he had "miscalculated" the time he would need to research and write his opposition papers. The Court again granted Lediju's extension request. (Dkt. No. 25.)

On September 18, 1996, plaintiff Lediju requested a third extension, to October 10, 1996, due to his inability to finish his research, partly because of his involvement in other litigation. The Court again granted the extension. (Dkt. No. 26.)

On October 10, 1996, plaintiff Lediju requested a fourth extension, to October 31, 1996, allegedly due to leaks in his apartment which caused damage to some of his papers. The Court granted the extension, but explicitly stated that "No further extensions will be granted to plaintiff." (Dkt. No. 29.)

On October 31, 1996, despite the "no further extensions" order, plaintiff Lediju requested a fifth extension, until November 15, 1996, this time because he allegedly had lost his eye glasses and could not see without them. The Court reluctantly granted the additional extension, until November 15, 1996, conditioned upon plaintiff Lediju submitting an affidavit as to his loss of his glasses, his inability to read or write without them and that he had no other useable glasses, and an affidavit from his eye doctor as to his eyesight and inability to read or write without glasses. The Court warned plaintiff Lediju that "the Court really does mean it when it says there will be no further extensions for Mr. Lediju on this motion." The

---

**2.** A CHASER check reveals that Mr. Lediju has three cases besides this one pending in this Court alone. *Lediju v. Human Resources Administration,* 93 Civ. 4699(LBS), *Lediju v. City of New* York Office of Management & Budget, 95 Civ. 9030(JFK), and *Lediju v. Federation of Employment & Guidance Service,* 96 Civ. 4282(RPP).

Court further warned Mr. Lediju that if his opposition papers were not received on November 15, "the Court will consider Mr. Lediju as having defaulted in response to the [summary judgment] motion." (Dkt. No. 30.)

On November 15, 1996, plaintiff Lediju nevertheless requested a sixth extension, of one month. He did not submit the affidavits that he had been ordered to submit. He advised the Court that he could not file his papers due to lack of sleep, headaches, lack of concentration and other problems relating to his litigations in other courts. The Court finally ran out of patience with Mr. Lediju and denied the request, ruling:

> Mr. Lediju's request for a further extension is denied. His last extension request was reluctantly granted by the Court with the notice that no further extensions will be granted. *Mr. Lediju essentially has failed to meet any deadline in this case. and each time has a different tale of woe. Enough is enough.* If the Court does not receive his opposition papers forthwith, the Court will grant defendant's motion on default and for violation of court orders, after November 25, 1996. In addition, if Mr. Lediju does submit opposition papers, the Court intends to sanction him (monetarily) pursuant to Rule 37, Fed.R.Civ.P.

(Dkt. No. 31, emphasis added.)

The Court has not heard from Mr. Lediju since that Order. Mr. Lediju was granted five extensions for a total of five months to respond to defendant's summary judgment motion papers. It has now been three and one-half months since the Court denied his request for a one-month extension, and yet Mr. Lediju still has not responded to defendant's motion. In other words, eight months have passed since defendant filed its summary judgment motion on July 15, 1996, but plaintiff Lediju still has not responded to the motion. The time has come (some might say that the time has long since passed) for the Court to dismiss Mr. Lediju's complaint with prejudice.

### UNDISPUTED FACTS FOR THE SUMMARY JUDGMENT MOTION

Based on defendant's Rule 3(g) statement (and plaintiff's failure to oppose it), the following facts are undisputed:

Plaintiff Lediju alleges in this action that he was discriminated against based on age, race, national origin and disability when he applied for and was denied several positions with defendant. (City 3(g) ¶¶ 3–4, 11–14; Cplt. ¶ 7, p. 4.) Lediju's complaint with the New York State Division of Human Rights ("NYSDHR"), however, alleged discrimination solely in connection with his June 1992 application for a Budget Analyst position, and did not raise discrimination claims based on national origin or disability. (City 3(g) ¶¶ 2, 4–6.)

The NYSDHR, after investigation, found "no probable cause" to believe defendant engaged in discrimination. (City 3(g) ¶ 8 & Ex. C.) The NYSDHR stated:

> After investigation, and following review of related information and evidence with named parties, the Division of Human Rights has determined that, insofar as respondent THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF SANITATION is concerned, there is NO PROBABLE CAUSE to believe that the said respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

> The investigation revealed that there were three vacancies in the Analyst series in 1992, that the position of Assistant Analyst was filled by a referral from the department's Personnel Redeployment Center, that the Associate Staff Analyst position was filled by a Black applicant, that the Complainant was interviewed for the position of Budget Analyst; however, it was filled by an applicant who had more relevant work experience and was promoted from within the agency. There is insufficient evidence that the Complainant was denied a position because of his age and race and color.

(City 3(g) Ex. C.)

Although Mr. Lediju was interviewed for the Budget Analyst vacancy, he was not hired because he lacked experience in budgetary planning. (City 3(g) ¶¶ 13, 16; Affi-

davit of Louis DiMartino, then Assistant Director of defendant's Bureau of Motor Equipment Materials Management Division (the "Bureau"), dated 7/15/96, ¶ 2.) Defendant hired a white female, Stacey Pheffer, for the Budget Analyst position. (City 3(g) ¶ 17; DiMartino Aff. ¶ 3.) Ms. Pheffer had previously worked at the Department of Sanitation and had received "superior" and "outstanding" evaluations. She also had prior experience with and knowledge of the Bureau's operations, and knowledge of the Bureau's fleet inventory system. In fact, she was "uniquely qualified for the position" because she had designed the Bureau's fleet inventory system. (City 3(g) ¶¶ 17–19; DiMartino Aff. ¶¶ 3–4.)

Mr. DiMartino, who interviewed plaintiff and made the hiring decision, swore that he was not aware of plaintiff's age and did not consider "plaintiff's, or any candidate's, race, color, or national origin in [his] hiring decisions." (DiMartino Aff. ¶ 5.)

In his deposition, plaintiff Lediju could point to no evidence of discrimination, except that discrimination is "self-evident" at the Department of Sanitation. (*See* City 3(g) ¶ 15; City 3(g) Ex. B: Lediju Dep. at 202.)

## *ANALYSIS*

### I. MR. LEDIJU'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE AND AS A SANCTION FOR FAILURE TO OBEY COURT SCHEDULING ORDERS

■ In the seventeen months since Lediju filed his complaint in this action, he has taken no steps to advance the litigation, except to ask for repeated extensions. He asked for and received five extensions for a total of five months to respond to defendant's summary judgment motion. When he could no longer obtain extensions, he defaulted on the motion. His conduct justifies dismissal of his complaint with prejudice for failure to prosecute and for failure to obey scheduling orders pursuant to Fed.R.Civ.P. 16(f) and 37(b)(2).

### A. *Failure to Prosecute*

■ In the Second Circuit, ordinarily "[t]he fact that there has been no response to defendant's summary judgment motion does not ... mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute 'show that the moving party is entitled to a judgment as a matter of law.'" *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996).

■ Nevertheless, a summary judgment motion may be granted by default if the facts justify a dismissal for failure to prosecute. *E.g., Lukensow v. Harley Cars of New York*, 124 F.R.D. 64 (S.D.N.Y.1989) (Leisure, J.) (granting summary judgment by default to defendant where plaintiffs neither responded to the motion nor offered excuse for their failure to do so); *see also, e.g., Martin v. Manufacturers Hanover Trust*, 94 Civ. 6183, 1996 WL 603937 (S.D.N.Y. Oct. 22, 1996) (denying plaintiff's motion to amend the judgment dismissing his complaint for failure to prosecute, where plaintiff had requested and received multiple extensions to file opposition papers to defendant's summary judgment motion, and finally, never did); *Stoute v. Rockefeller Foundation*, 93 Civ. 2628, 1995 WL 708690 (S.D.N.Y. Nov. 30, 1995) (dismissing plaintiff's complaint for failure to prosecute where plaintiff failed to submit opposition papers to defendant's summary judgment motion, as well as failing to conduct discovery); *TWI International, Inc. v. Vanguard Oil & Service Co.*, 84 Civ. 1665, 1994 WL 174036 (S.D.N.Y. May 4, 1994) (granting defendant's summary judgment motion by default where defendant failed to file opposition papers).

■ The Supreme Court has recognized the district court's inherent power to dismiss an action *sua sponte* for failure to prosecute. *E.g., Stoenescu v. Jablonsky*, 162 F.R.D. 268, 270 (S.D.N.Y.1995); *Lukensow v. Harley Cars of New York*, 124 F.R.D. at 66 & n. 3. "A dismissal for lack of prosecution pursuant to Fed.R.Civ.P. 41(b) is a matter committed to the sound discretion of the trial court." *Lukensow v. Harley Cars of New York*, 124 F.R.D. at 66; *see also, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–33, 82 S.Ct.

1386, 1388–90, 8 L.Ed.2d 734 (1962); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

■ The Second Circuit has instructed that the Court must consider the following factors in determining whether to dismiss an action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b): "(1) the duration of plaintiff's failures; (2) whether plaintiffs have received notice that further delays would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions." *Lukensow v. Harley Cars of New York*, 124 F.R.D. at 66; *accord, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996); *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988); *Harding v. Federal Reserve Bank of New York*, 707 F.2d at 50; *Martin v. Manufacturers Hanover Trust*, 1996 WL 603937 at *4; *Stoenescu v. Jablonsky*, 162 F.R.D. at 270–71; *Stoute v. Rockefeller Foundation*, 1995 WL 708690 at *2. All of those factors favor dismissal here.

First, as to the duration of plaintiff's failures, in the seventeen months since he brought his complaint, Lediju has conducted no discovery, and has failed to respond to defendant's summary judgment motion; he has done nothing to litigate his case other than ask for, and receive, extensions. After denying his last extension request, the Court has not heard from Lediju. The net effect of Lediju's combined actions is an absolute failure to prosecute for the duration of this action, seventeen months. In situations such as this, dismissal is appropriate. *See, e.g., Martin v. Manufacturers Hanover Trust*, 1996 WL 603937 at *5 (plaintiff's conduct "consisted of 'repeated requests for continuous [and] persistent late filing of court ordered papers, which may warrant dismissal after merely a matter of months.'"); *Stoenescu v. Jablonsky*, 162 F.R.D. at 270 (holding that the record as a whole warranted dismissal, after 21 months of failing to prosecute); *Stoute v. Rockefeller Foundation*,

1995 WL 708690 at *2 (plaintiff failed to take any discovery); *Lukensow v. Harley Cars of New York*, 124 F.R.D. at 65 (action dormant for around two years); *see also, e.g., Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–67 (2d Cir.1980) (Kaufman, C.J.) (six months of inactivity); *West v. City of New York*, 130 F.R.D. at 525 (nineteen months of inactivity); *Yacub v. Coughlin*, 105 F.R.D. 152, 153 (S.D.N.Y.1985) (twenty-one months of inactivity).

Second, Lediju was certainly on notice of the consequences of his failure to respond to defendant's summary judgment motion. The Court's October 31, 1996 and November 15, 1996 Orders warned Lediju in no uncertain terms that if his summary judgment opposition papers were not submitted, defendant's motion would be granted on default. (Dkt. Nos. 30, 31; *see* discussion at pp. 108–09, above.)

■ Third, prejudice to the defendant may be presumed from the length of the delay. *E.g., Lukensow v. Harley Cars of New York*, 124 F.R.D. at 67. *See also, e.g., Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982); *Stoute v. Rockefeller Foundation*, 1995 WL 708690 at *3; *Stoenescu v. Jablonsky*, 162 F.R.D. at 271.

Fourth, the Court must weigh plaintiff's right to due process with the Court's need to alleviate the congestion in its calendar. Lediju has been afforded every opportunity to litigate his claim; he has chosen not to. "Delays have dangerous ends and unless district judges use the clear power to impose the ultimate sanction when appropriate, exhortations of diligence are impotent." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d at 668; *see also, e.g., Martin v. Manufacturers Hanover Trust*, 1996 WL 603937 at *6 ("If parties could ignore Court Orders with the liberty in which [plaintiff] has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management. In effect, parties and the Court would be at the mercy of the least diligent, the most irresponsible, or any obstreperous litigator. There would be no premium placed on adherence to a schedule or a Court Order, and no incentive to manage the litigation to reduce its cost and bring justice

as expeditiously as possible to each of the parties."); *Lukensow v. Harley Cars of New York,* 124 F.R.D. at 67.

■ Fifth, lesser sanctions will not suffice in lieu of dismissal. Since plaintiff Lediju is proceeding in forma pauperis, monetary sanctions would have no effect. *See, e.g., Martin v. Manufacturers Hanover Trust,* 1996 WL 603937 at *7. "The Court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn." *Yacub v. Coughlin,* 105 F.R.D. at 153. Lediju has failed to respond to defendant's summary judgment motion. Since he is impecunious, no lesser sanction will suffice.

Accordingly, defendant's summary judgment motion should be granted on default and plaintiff Lediju's action dismissed with prejudice for failure to prosecute.

### B. *Failure to Obey Court Orders*

In addition to dismissal for Lediju's failure to prosecute, dismissal also would be appropriate for Lediju's failure to obey Court Orders.

Rule 16(f) of the Federal Rules of Civil Procedure states that "if a party ... fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 36(b)(2)(B), (C), (D)." The Rule 37 sanctions incorporated into Rule 16 include "rendering a judgment by default against the disobedient party."

■ The Supreme Court has set forth policy reasons for even the strictest of sanctions. " 'Sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent".' " *Dukes v. New York City Police Comm'r Ward,* 129 F.R.D. 478, 481 (S.D.N.Y. 1990) (Leisure, J.) (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)), *accord, e.g., Miltope Corp. v. Hartford Cas. Ins. Co.,* 163 F.R.D. 191, 192, 194 (S.D.N.Y.

1995) (Peck, M.J.); *see also, e.g., New York Bay Co. v. State Bank of Patiala,* 93 Civ. 6075, 1995 WL 567357 at *4 (S.D.N.Y. Sept. 22, 1995) (Peck, M.J.).

■ The most severe sanctions require the highest degree of fault. The " 'degree of fault which must be shown increases in proportion to the severity of the sanction.' " *New York Bay Co. v. State Bank of Patiala,* 1995 WL 567357 at *5 (quoting 2 M. Silberberg *Civil Practice in the Southern District of New York* § 26.09 at 26–27). Dismissal is appropriate where (1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders. *See, e.g., Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Banjo v. United States,* 95 Civ. 0633, 1996 WL 426364 at *4 (S.D.N.Y. July 30, 1996) (courts look to standards for dismissal for failure to prosecute in dismissing under Rule 37); *New York Bay Co. v. State Bank of Patiala,* 1995 WL 567357 at *5.

Courts have not hesitated to dismiss actions pursuant to Rule 37(b)(2) in appropriate situations. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (dismissal for party's refusal for seventeen months to answer crucial interrogatories); *Minotti v. Lensink,* 895 F.2d 100, 102–03 (2d Cir.1990) (dismissal for failure to obey discovery orders on four occasions, delaying case for two years); *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666 (2d Cir.1980) (doing "absolutely nothing at all" to comply with court orders to pursue discovery); *Johnson v. M. Melnick & Co.,* 91 Civ. 7961, 1996 WL 239994 (S.D.N.Y. May 8, 1996) (dismissal pursuant to Rule 16(f) and Rule 41 for repeatedly deficient proposed pretrial order in violation of court orders), *aff'd mem.,* 104 F.3d 355 (2d Cir.1996); *Martin v. Metropolitan Museum of Art,* 158 F.R.D. 289, 292–93 (S.D.N.Y.1994) (dismissal pursuant to Rule 37 and Rule 41 for blatant failure to produce documents so that the "case stands still at a preliminary stage");

*Muina v. H.P.D.*, 91 Civ. 4154, 1994 WL 88606 at *2 (S.D.N.Y. March 14, 1994) (dismissal for failure to obey court orders and failure to appear at deposition).

In the instant case, plaintiff Lediju was ordered to submit his summary judgment opposition papers four months ago, and he was warned that failure to do so would result in dismissal for failure to obey court orders. He nevertheless has totally failed to submit his opposition papers.

It is clear that had Lediju for the past four months wilfully failed after Court Order (and after being warned of the consequences) to make himself available for a deposition or to answer interrogatories, dismissal would be appropriate. Allowing the present action to continue merely because Lediju's wilful failure to comply is with a scheduling order to submit opposition papers, and not refusal to comply with a discovery order, seems illogical. ·

The Court finds that plaintiff's refusal to submit papers in opposition to defendant's summary judgment motion after seeking and receiving repeated and lengthy extensions, warrants dismissal pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure.

## II. DEFENDANT NEW YORK CITY DEPARTMENT OF SANITATION IS ENTITLED TO SUMMARY JUDGMENT ON THE MERITS [3]

The Court should not need to reach the merits of defendant's summary judgment motion because Lediju's action should be dismissed for failure to prosecute and failure to obey a scheduling order. Nevertheless, in an excess of caution, the remainder of this Report and Recommendation will address the merits of defendant's summary judgment motion.

The only claim appropriately raised before the Court is plaintiff's claim that he was not hired by defendant for the Budget Analyst position in June–August 1992. (*See* City Br. at 7–15 & authorities cited therein.) That is the only charge he timely raised before the NYSDHR. Filing of a charge with the EEOC and/or NYSDHR is a jurisdictional prerequisite to a private civil action under Title VII and the ADEA. *See, e.g., Hernandez v. New York City Law Dep't,* 1997 WL 27047 at *8 (and cases cited therein).

Defendant is entitled to summary judgment on plaintiff's retaliation claim. (*See* City Br. at 16–17.) To establish a *prima facie* case of retaliation, plaintiff must prove that: "(1) [he] was engaged in an activity protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff based on [his] activity; · and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir.1993); *accord, e.g., Kotcher v. Rosa & Sullivan Appliance Center, Inc.,* 957 F.2d 59, 64 (2d Cir.1992); *Burrell v. City Univ. of New York,* 894 F.Supp. 750, 759–60 (S.D.N.Y. 1995). Plaintiff's only "protected activity"— the filing of his NYSDHR complaint in March 1993 and this lawsuit in November 1995—both occurred *after* defendant's decision not to hire him as Budget Analyst in August 1992. The retaliation claim, therefore, is frivolous.

Where a plaintiff alleges a failure to hire in violation of Title VII, the three-step burden-shifting test of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), supplies the appropriate analytical framework.

In an employment discrimination case, the plaintiff has the burden at the outset of "proving by the preponderance of the evidence a prima facie case of discrimination." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089,

---

**3.** For discussion of the summary judgment standards applicable to employment discrimination actions, *see, e.g., Hernandez v. New York City Law Dep't Corp. Counsel,* 94 Civ. 9042, 1997 WL 27047 at *6–7 (S.D.N.Y. Jan. 23, 1997) (Peck, M.J.); *Burger v. Litton Indus., Inc.,* 91 Civ. 0918, 1996 WL 421449 at *7 (S.D.N.Y. April 25, 1996) (Peck, M.J.), *aff'd,* 1996 WL 609421 (S.D.N.Y. Oct. 22, 1996).

1093, 67 L.Ed.2d 207 (1981); *see also, e.g.,* *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1309, 134 L.Ed.2d 433 (1996); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993); *McDonnell Douglas v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824; *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir. 1994); *Hernandez v. New York City Law Dep't,* 1997 WL 27047 at \*12; *Burger v. Litton,* 1996 WL 421449 at \*8. Establishment of a prima facie case " 'in effect creates a presumption that the employer unlawfully discriminated against the employee.' " *St. Mary's v. Hicks,* 509 U.S. at 506, 113 S.Ct. at 2747 (quoting *Texas v. Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094); *Hernandez v. New York City Law Dep't,* 1997 WL 27047 at \*12; *Burger v. Litton,* 1996 WL 421449 at \*8.

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to rebut the presumption of discrimination by articulating a legitimate, non-discriminatory reason for its employment decision. *E.g., O'Connor v. Consolidated Coin,* —— U.S. at ——, 116 S.Ct. at 1309; *St. Mary's v. Hicks,* 509 U.S. at 506–07, 113 S.Ct. at 2747; *Texas v. Burdine,* 450 U.S. at 253–54, 101 S.Ct. at 1093–94; *McDonnell Douglas v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824; *Chambers v. TRM,* 43 F.3d at 38; *Hernandez v. New York City Law Dep't,* 1997 WL 27047 at \*12; *Burger v. Litton,* 1996 WL 421449 at \*8. The burden on the defendant at this phase is one of production rather than persuasion. *E.g., St. Mary's v. Hicks,* 509 U.S. at 507, 113 S.Ct. at 2747; *Texas v. Burdine,* 450 U.S. at 257, 101 S.Ct. at 1096; *Hernandez v. New York City Law Dep't,* 1997 WL 27047 at \*12; *Burger v. Litton,* 1996 WL 421449 at \*8. If the defendant carries this burden of production, the plaintiff must show that the defendant's articulated reason for its decision is a pretext for discrimination. *E.g., St. Mary's v. Hicks,* 509 U.S. at 511, 113 S.Ct. at 2749, 2751–53; *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714 (2d Cir.1996); *Chambers v. TRM,* 43 F.3d at 38; *Hernandez v. New York City Law Dep't,* 1997 WL 27047 at \*12; *Burger v. Litton,* 1996 WL 421449 at \*8.

Plaintiff's speculation and generalities (*e.g.,* discrimination is self-evident) (City 3(g) ¶ 15), is insufficient even to state a prima facie case under *McDonnell Douglas's* first prong. *See, e.g., Burrell v. Bentsen,* 91 Civ. 2654, 1993 WL 535076 at \*10 (S.D.N.Y. Dec. 21, 1993) ("plaintiff cannot satisfy his burden of proof by offers of speculative beliefs and gut feelings"), *aff'd mem.,* 50 F.3d 3 (2d Cir.1995); *Ulrich v. Exxon Co. USA,* 824 F.Supp. 677, 685–86 (S.D.Tex.1993) ("A subjective belief of discrimination, however genuine, cannot alone be the basis for judicial relief.... [Plaintiff's] proffered summary judgment evidence consists exclusively of conclusory and speculative allegations of race discrimination which are unsupported by specific facts. In the court's view, this evidence is insufficient to support a prima facie case of employment discrimination or to raise a genuine issue of material fact."); *Lim v. Citizens Savings & Loan Assoc.,* 430 F.Supp. 802, 814 (N.D.Cal.1976) (plaintiff's conclusory affidavit that she "believed she was discriminatorily treated" insufficient to establish prima facie case or defendant has rebutted her story with such overwhelming evidence of legitimate reasons that summary judgment is appropriate). But even assuming plaintiff satisfied the first prong (which he did not), the Department of Sanitation presented evidence that it had a legitimate, non-discriminatory reason for not hiring Mr. Lediju, *i.e.,* it hired a more qualified applicant. (City 3(g) ¶¶ 16–19; DiMartino Aff. ¶¶ 3–5.) This satisfies defendant's burden under the second *McDonnell Douglas* prong. Plaintiff Lediju completely failed to present any evidence that the Department of Sanitation's articulated reason was a pretext for discrimination. Defendant therefore is entitled to summary judgment. *See, e.g., Smith v. American Express Co.,* 853 F.2d 151, 154–55 (2d Cir.1988) (conclusory and unsupported allegations insufficient to show employer's justifications to be a pretext for discrimination); *Meiri v. Dacon,* 759 F.2d 989, 997–98 (2d Cir.) ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." Summary judgment for defendants upheld where plaintiff offered no

evidence of pretext), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

## CONCLUSION

For the reasons set forth above, I recommend that the Court dismiss plaintiff Lediju's complaint for failure to prosecute and failure to obey Court scheduling orders. In addition, if the Court were to reach the merits, on the undisputed facts set forth in defendant's 3(g) statement, defendant is entitled to summary judgment because plaintiff Lediju has not presented any evidence that defendant's failure to hire him as Budget Analyst was based in any way on discrimination. Defendant's evidence that it hired a more qualified candidate for legitimate, nondiscriminatory reasons is unrebutted. On default or on the merits, plaintiff's complaint should be dismissed with prejudice.

## FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Peter K. Leisure, 500 Pearl Street, Room 1910, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Leisure. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714

F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).