Oscar **NEGRON**, Plaintiff–Appellee,

v.

**WOODHULL HOSPITAL and Sgt. Andrea Bottoms, Defendant– Appellants.**

No. 05–4147–CV.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Larry A. Sonnenshein & Mordecai Newman, (Michael A. Cardozo, Corporation Counsel, on the brief), Corporation Counsel of the City of New York, New York, NY., for Appellant, of counsel.

Edward Hernstadt & Pavani Thagirisa, Frankfurt Kurnit, Klein & Selz, P.C., New York, NY., for Appellee, of counsel.

\* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, Circuit Judges, and Hon. JED S. RAKOFF,\* District Judge.

## SUMMARY ORDER

Woodhull Hospital ("Hospital") appeals from the January 7, 2004 order of the United States District Court for the Southern District of New York (Batts, *J.*) entering default judgment for Oscar Negron, a former employee of the Hospital. Negron had sued the Hospital alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted Negron default judgment and an award of attorney's fees as sanctions, upon finding that the Hospital had violated a court order to participate in good faith in mediation by failing to bring a "principal" to a mediation conference as the mediator had instructed. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

The grant of judgment as a sanction "is a harsh remedy to be utilized only in extreme situations." *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995) (internal quotations omitted). Otherwise, litigated disputes should be resolved "on the merits." *Id.* "A default may be 'appropriate where (1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders.'" *David v. Santiago,* No. 01 Civ. 6931, 2002 WL 22511320, at \*1 (S.D.N.Y. Nov. 4, 2003) (quoting *Lediju v. N.Y.C. Dep't of Sanitation,* 173 F.R.D. 105, 112 (S.D.N.Y.1997)).

After the Hospital voluntarily agreed to mediate with Negron, the district court

ordered both parties "to appear and mediate in good faith." *Negron v. Woodhull Hospital,* 00 Civ. 2251, at *2 (S.D.N.Y. Aug. 8, 2003) (unpublished order vacating scheduling order). The district court reasonably found the Hospital to have violated this order when the Hospital disobeyed the instructions of the mediator by failing to bring a principal party with settlement authority to the mediation. While the Hospital was free to adopt a "no pay" position, its failure to bring a principal party was a violation of a court order and impaired the usefulness of the mediation conference.

Nevertheless, the district court should have imposed less extreme sanctions before resorting to default judgment against the Hospital. Because the Hospital's failure to bring a principal to the session inconvenienced the plaintiff and plaintiff's counsel, the district court properly required that the Hospital pay the expenses incurred in preparing for the mediation. The Hospital has paid those amounts and is not challenging their imposition. The further imposition of a default judgment, however, was not appropriate under the circumstances.[1]

For the reasons set forth above, the judgment of the district court is hereby VACATED.

---

1. The district court justified the extreme sanction in part because it found a "history of non-compliance" by the hospital. *Negron v. Woodhull Hospital,* 00 Civ. 2251, at *5 (S.D.N.Y. Jan. 7, 2004)(unpublished order entering default judgment). This was based on information the court received from the magistrate judge that the Hospital had appeared for a court-ordered settlement conference "with no intention of negotiating to settle this case." *Id.* As the district court recognized, however, a party is not required to change its settlement parameters by reason of a court order to attend a settlement conference. *See Bulkmatic Transp. Co. v. Pappas,* 99 Civ. 12070, 2002 WL 975625, at *2 (S.D.N.Y. May 9, 2002) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so."); Fed.R.Civ.P. 16(f).