Bobby JENKINS, Plaintiff,

v.

The CITY OF NEW YORK, New York City Department of Corrections, Allyn Sielaff, Janie Poullard, Deputy Wardens Rabasatt, Kenneth Gill, and Bitz; Captain Raymond, Captain Bentham, Captain Caliguiri, Captain Suarez, Captain Atkinson, C.O. Bellavista, C.O. Perham, C.O. Lopez, and C.O. Taylor, Defendants.

No. 90 CIV. 7562(MJL).

United States District Court, S.D. New York.

Nov. 22, 1997.

Raskin & Kremins L.L.P. by Michael F. Kremins, New York City, for Plaintiff.

Paul A. Crotty by Andrew Wasserman, New York City, for Defendants.

## OPINION AND ORDER

LOWE, District Judge.

Plaintiff Bobby Jenkins ("Plaintiff") commenced this lawsuit against the defendants, City of New York, New York Department of Corrections, Allyn Sielaff, Janie Poullard, Deputy Wardens Rabasatt, Kenneth Gill, and Bitz; Captains Raymond, Bentham, Caligui-ri, Suarez, and Atkinson; Corrections Officers Bellavista, Perham, Lopez, and Taylor (collectively "Defendants"), under 42 U.S.C. § 1983 ("Section 1983"), for an alleged violation of his civil rights. Before the Court is the motion of Defendants, pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), to dismiss this action with prejudice for Plaintiff's failure to prosecute. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

On November 26, 1990, Plaintiff, proceeding *pro se*, commenced this action, alleging that the defendant correction officers violated his civil rights by using excessive force against him during a fight at Riker's Island. Shortly thereafter, Plaintiff retained counsel. In August 1993, the parties entered into settlement negotiations. In February 1994, Defendants proposed a $3,000 settlement. Because counsel for Plaintiff could not locate Plaintiff, the settlement proposal languished. Since that time, neither Plaintiff's counsel nor the Court has been contacted by Plaintiff.

In March 1995, Defendants filed a Rule 41(b) motion to dismiss the action with prejudice for Plaintiff's failure to prosecute this case. In response, Plaintiff's counsel asked the Court to place the case on its suspense docket for a limited time period in order to enable him to locate his client and convey the settlement offer to him. By Order dated May 31, 1995 ("1995 Order"), the Court denied the Rule 41(b) motion, granting Plaintiff's counsel additional time to locate his client and placing the case on its suspense docket. *See* May 31, 1995 Order at 2. In the 1995 Order, the Court directed Defendants to renew their Rule 41(b) motion should Plaintiff fail to prosecute the action by February 1996. *Id.* The Court warned Plaintiff that his failure to prosecute the case would result in a dismissal with prejudice "absent compelling, contravening circumstances." *Id.*

As of May 1997, Plaintiff had not contacted his attorney or prosecuted this case in any manner. In view of the delay, the Court instructed Defendants to renew their Rule 41(b) motion. *See* May 1, 1997 Order at 1. Defendants did so on July 7, 1997. No opposition papers have been submitted to the Court.

## DISCUSSION

I. *Rule 41(b) Legal Standard*

 A Rule 41(b)[1] dismissal for failure to prosecute an action is a matter committed

---

**1.** Rule 41(b) provides, in pertinent part: "Involuntary Dismissal: Effect Thereof. For failure of

the plaintiff to prosecute ... a defendant may move for dismissal of an action.... Unless the

to the sound discretion of the district court. *See Colon v. Mack,* 56 F.3d 5, 7 (2d Cir.1995). In exercising that discretion, the court should examine five factors: (1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with a plaintiff's right to due process; and (5) the efficacy of lesser sanctions. *See Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994). In general, no one factor is dispositive. *See Nita v. Connecticut Dep't of Envtl. Protection,* 16 F.3d 482, 485 (2d Cir. 1994).

■ Despite the discretion afforded the district court, the Second Circuit has cautioned that "dismissal is a harsh remedy to be utilized only in extreme circumstances." *Mack,* 56 F.3d at 7. "[O]nly when [the court] is sure of the impotence of lesser sanctions" is the drastic remedy of dismissal appropriate. *Dodson v. Runyon,* 86 F.3d 37, 39 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1337, 137 L.Ed.2d 496 (1997).

II. *Defendants' Motion for Dismissal*

■ Defendants argue that the first factor of the Rule 41(b) test supports dismissal. *See* Defs.' Mem. of Law at 5. The Court agrees.

The following considerations guide the Court's analysis of the first factor: (1) whether plaintiff's failure to prosecute is, in fact, attributable to plaintiff, and (2) whether the duration of that failure is significant. *See Jackson,* 22 F.3d at 75. As to the first consideration, the Court finds that Plaintiff's inattention to this case caused the three-year delay. In February 1994, Defendants offered to settle this case. Since that time, counsel for Plaintiff has repeatedly, but unsuccessfully, attempted to contact his client in order to prosecute this case.[2] Plaintiff, however, has not contacted the Court, his

attorney, or opposing counsel in the past three years. The delay here is thus attributable solely to Plaintiff's disappearance, thereby favoring Rule 41(b) dismissal. *See, e.g., Gautam v. New York City's Mayor's Office of Operation,* No. 92 Civ. 1014, 1996 WL 422264, at *1 (S.D.N.Y. July 19, 1996) (granting Rule 41(b) motion in Title VII case where three-year delay resulted from plaintiff's failure to provide court or defendants with his new address); *Morrow III v. Juchnewicz,* No. 93 Civ. 5216, 1996 WL 1996, at *1–*2 (S.D.N.Y. Jan. 3, 1996) (granting Rule 41(b) dismissal in Section 1983 action where 18–month delay was caused by plaintiff's failure to respond to Rule 41(b) motion or to otherwise contact court or defendants). The length of Plaintiff's delay—three years—also supports dismissal. *See, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–68 (2d Cir.1980) (granting Rule 41(b) motion after six-month delay); *Morrow III,* 1996 WL 1996, at *1–*2 (granting Rule 41(b) motion after a year and a half of inactivity); *Stoenescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995) (granting Rule 41(b) motion after 21–month delay); *West v. New York,* 130 F.R.D. 522, 525 (S.D.N.Y.1990) (granting Rule 41(b) motion after 19–month delay).

The second factor of the Rule 41(b) test also supports dismissal. In the 1995 Order, the Court notified Plaintiff that his failure to prosecute the case would result in a dismissal with prejudice. *See* May 31, 1995 Order at 2. Notice to Plaintiff's counsel serves as notice to Plaintiff. *See* 8 James Wm. Moore et al., *Moore's Federal Practice,* ¶ 41.51[3][e] & n. 58 (3d ed.1997) (explaining that, in the context of a Rule 41(b) motion, "[n]otice on plaintiff's counsel alone is sufficient"). Any present effort to further warn Plaintiff of this dismissal would be futile due to the Court's lack of knowledge as to his whereabouts. Thus, the Court finds that the second factor of the Rule 41(b) test supports dismissal.

court in its order for dismissal otherwise specifies, a dismissal under this subdivision operates as an adjudication upon the merits." Fed. R.Civ.P. 41(b).

**2.** In fact, even defense counsel has assisted Plaintiff's counsel in his attempt to locate Plaintiff.

*See* Letter from Andrew M. Wasserman, Esq., to Michael Kremins, Esq., dated Sept. 30, 1994, at 2 (providing counsel for Plaintiff with Plaintiff's conditional parole release date, date of discharge from parole, and prison address).

The third prong also favors dismissal. Where a "plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law." *Stoenescu,* 162 F.R.D. at 271 (citing *Lyell Theatre Corp. v. Loews Corp.* 682 F.2d 37, 43 (2d Cir.1982)). Courts have presumed prejudice to defendants where plaintiffs have caused delays as long as three years and as short as eighteen months. *See, e.g., Gautam v. New York City's Mayor's Office of Operation,* No. 92 Civ. 1014, 1996 WL 422264, at *1 (S.D.N.Y. July 19, 1996). For example, in *Gautam,* plaintiff delayed the court's proceedings for three years by failing to provide the court or defendants with his new address. *Id.* at *1. In that case, the court presumed prejudice to defendants under Rule 41(b). *Id.* In *Morrow III,* plaintiff provided the court and defendants with his new address, yet never replied to any correspondence sent to him. 1996 WL 1996, at *1. After 18 months of delay, defendant filed a motion to dismiss the case for failure to prosecute, to which plaintiff never responded. *Id.* The *Morrow III* court presumed prejudice to defendants based on the 18-month delay and plaintiff's failure to respond to the motion. *Id.* at *2; *see also Stoenescu,* 162 F.R.D. at 271 (presuming prejudice to defendants after plaintiff's 21-month delay); *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 67 (S.D.N.Y.1989) (presuming prejudice after two-year delay caused by plaintiff's failure to contact court). As in *Gautam* and *Morrow III,* Plaintiff delayed the case for three years and never responded to the instant motion. Because the delay in this case appears to have no ending point, the Court presumes prejudice to Defendants. Accordingly, the Court finds that the third factor of the Rule 41(b) test supports dismissal.

The remaining prongs of the Rule 41(b) balancing test also favor dismissal. Rule 41(b) dismissal is appropriate only when lesser sanctions would be ineffective. *See Dodson,* 86 F.3d at 39. In this case, the Court previously ordered lesser sanctions by placing the case on its suspense docket with instructions that Plaintiff pursue the case within a year's time. That sanction, however, failed to stimulate the prosecution of this action. Because the Court and counsel have

no means to find Plaintiff, the imposition of additional lesser sanctions would have no effect. *See, e.g., Gautam,* 1996 WL 422264, at *1–*2 (holding that court and defense counsel's inability to contact plaintiff suggested ineffectiveness of lesser sanctions). Accordingly, the Court finds dismissal appropriate.

## CONCLUSION

For the foregoing reasons, the Court hereby grants Defendants' Rule 41(b) motion dismissing this action.

It is SO ORDERED.