Joni BESHANSKY, et al., Plaintiffs,

v.

FIRST NATIONAL ENTERTAINMENT CORPORATION, Allen W. Gelbard, Irving Brand, Edward H. Cohen, Fred J. Bauer, Herb Greenberg, and Steven Weisel, Defendants.

No. 88 Civ. 8200 (PKL).

United States District Court, S.D. New York.

Feb. 1, 1990.

## MEMORANDUM ORDER

LEISURE, District Judge.

This is a securities fraud action arising under the federal securities laws, with pendant state law claims. The sixty-four individual plaintiffs allege that they lost approximately $463,000 through investments in securities recommended to them by defendants. Defendants have generally denied any liability. The case was filed in this Court on November 17, 1988, and an amended complaint was filed on consent of the parties on May 17, 1989. Since that time, discovery has been on-going. Unfortunately, discovery has not gone smoothly in the action. Plaintiffs have now come before the Court seeking sanctions against defendants for failure to comply with a discovery order entered by the Court on October 23, 1989. Defendants' counsel has opposed the imposition of sanctions against him or his firm, or his clients, and also seeks to withdraw from this action. Based on a review of the record in this case, the Court grants plaintiffs' motion for sanctions against defendants, and also grants defense counsel's motion to withdraw.

"Fed.R.Civ.P. 37(b)(2) provides, in pertinent part, that when 'a party fails to obey an order to provide or permit discovery,' the court may sanction that party by entering '[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.' The imposition of sanctions is within the discretion of the district court." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988). *See also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682 (2d Cir.1989); *Sieck v. Russo,* 869 F.2d 131, 134 (2d Cir.1989). The Second Circuit has repeatedly expressed the strong emphasis it places on the compliance by litigants with discovery orders. *Sieck, supra,* 869 F.2d at 133; *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988). "A party who flouts such orders does so at his peril." *Update Art, supra,* 843 F.2d at 73.

In this case, the Court has, on at least two occasions, indicated discovery deadlines in this case. First, on June 9, 1989, the Court entered an order stating in part, "Discovery on the above-captioned action will be completed by October 20, 1989." A pre-trial conference was held on October 20, 1989, at which time the parties indicated that discovery was not complete. Certain discovery requests made by plaintiffs remained unsatisfied, and certain defendants, noticed for depositions on July 25, 1989, had not yet been produced. Defense counsel did not disagree with plaintiffs' representation of the state of discovery. Based on the representations made by the parties, this Court entered a second, more detailed, discovery order on October 23, 1989.[1]

It is clear and uncontested that defendants have not fully complied with the order of the Court dated October 23, 1989.

---

**1.** That order read in part: "The defendants having failed to comply with the Discovery Order of this Court dated June 9, 1989 ... it is hereby ordered, 1) The defendants shall fully respond to plaintiffs' request for production of documents dated July 25, 1989 by November 3, 1989. 2) The depositions of defendants noticed ... July 25, 1989 shall commence on November 13, 1989 at plaintiffs' counsel's offices and continue expeditiously until completed. 3) In the event defendants fail to comply with the directives of paragraphs 1 or 2 above, plaintiffs shall be entitled to move for sanctions, including reasonable attorneys' fees for the time spent on preparing such motion for sanctions."

Document requests remain outstanding, and the depositions cited have not been completed expeditiously. It is also apparent to the Court that defendants have not cooperated with their counsel in prosecuting this suit. The Court finds no excuse for this failure to meet two Court-ordered deadlines and to cooperate with counsel; accordingly, the Court, pursuant to Fed. R.Civ.P. 37(b)(2) sanctions defendants jointly and severally in amount of $1000.00. This amount shall be paid to plaintiffs' counsel in compensation for their costs and lost time. Payment shall be made within thirty (30) days of this order or risk a finding of contempt of court and possible additional sanctions.

■ The Court must now turn to defense counsel's request to withdraw from this action. Rule 3(c) of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York provides that an attorney may withdraw from a case with leave of the court. "Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal." Rule 3(c). Defendants' counsel has provided such an affidavit, which indicates that defendants have failed to cooperate with or pay their counsel. "It hardly needs saying that a client's refusal to pay the attorney or cooperate with the attorney is a satisfactory reason for allowing the attorney to withdraw." *Farr Man Coffee, Inc. v. M/S Bernhard S,* 1989 WL 31529, 1 1989 U.S.Dist. LEXIS 2988, 3 (S.D.N.Y.1989).

However, the Court's intervention cannot end here. Plaintiffs have expressed an understandable interest in moving this case toward completion in a timely fashion. Thus the Court finds it necessary to impose restrictions on defendants' counsel before his withdrawal can be considered complete. Defendants' counsel is instructed to provide a copy of this order to all defendants and to explain its requirements and significance to them.

Further, the Court has set out below deadlines for defendants to indicate to the Court the name and address of substituted counsel; and also to comply with outstanding discovery requests. Given the delay already caused by defendants in this action, the Court will not countenance any further dilatory practices on their part. Defendants have had ample opportunity to consider and to object to plaintiffs' outstanding discovery requests. The Court thus views the refusal of defendants to meet those requests as willful and without cause, and will not permit further delays in responding to those requests as ordered by this Court.

## CONCLUSION AND ORDER

Plaintiffs' motion for sanctions pursuant to Rule 37 is granted. Defendants are jointly and severally liable for sanctions in amount of $1000 to be paid to plaintiffs' counsel within 30 days of this order.

Defendants' counsel's motion to withdraw is granted pursuant to the conditions in this order. Defendants are ordered to find substitute counsel and so inform the Court within 30 days of this order.

Defendants are further ordered to complete all discovery mandated by this Court's order dated October 23, 1989 within 60 days of the notification to the Court of substitution of counsel.

Failure to comply with these orders will result in the imposition of additional sanctions, and may result in the entry of a default judgment against defendants for the total amount in issue.[2]

SO ORDERED.

---

2. "'Dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions. Dismissal under Rule 37 is warranted, however, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, supra,* 845 F.2d at 1176, *quoting Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d

Cir.1986).  *See also, Sieck, supra,* 869 F.2d at     134.