**MILTOPE CORPORATION, Plaintiff,**

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Defendant.**

No. 94 Civ. 4564 (JFK) (AJP).

United States District Court,
S.D. New York.

Aug. 2, 1995.

**192**

Stuart P. Schlem, New York City, for plaintiff.

Andrew J. Jacobson, New York City, for defendant.

## OPINION AND ORDER

PECK, United States Magistrate Judge:

The Court imposes a sanction of $1,000 against plaintiff Miltope Corporation for its continued failure to comply with its discovery obligations within the time limits ordered by the Court.

*A Reminder/Warning to the Bar and Litigants*

In *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir.1989), the Second Circuit reminded the Bar of the need to comply with discovery orders in a timely fashion:

> In *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir.1988), we "emphasize[d] the importance we place on a party's compliance with discovery orders," and we warned that "[a] party who flouts such orders does so at his peril." Although we then viewed our decision as "strong medicine," *id.*, today we find it necessary to renew the prescription.[1]

*Accord, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (upholding sanctions of $14,815.40 in attorney's fees); *Beshansky v. First National Entertainment Corp.*, 140 F.R.D. 272, 273–74 (S.D.N.Y.1990) (imposed sanctions of $1,000 to be paid to opposing "counsel in compensation for their costs and lost time").

It appears from the conduct in this case—which, unfortunately, is far too common even during the brief time that I have been on the Bench—that the Court again must "renew the prescription" and remind the Bar and litigants that discovery deadlines must be complied with and that counsel and their clients ignore them at their peril.

## FACTS

Miltope brought its complaint in June 1994 against defendant Hartford Casualty Insurance Company. The Complaint alleges that Hartford breached its insurance agreement by failing to pay for damages incurred to Miltope's building in Melville, New York.

The parties appeared before me on March 23, 1995 for an initial pretrial conference pursuant to Rule 16, Fed.R.Civ.P. As a result of that conference, on that same day the Court entered a "Rule 16 Initial Pretrial Conference Order" requiring all discovery to be completed by July 24, 1995. That Order

---

1. In *Sieck,* the district court had initially imposed a $2,000 fine for defendant's failure to appear as ordered for depositions. When defendants again failed to appear for depositions, the district court entered a default judgment against defendants for plaintiff's $1 million out-of-pocket loss. The Second Circuit upheld the sanctions.

gave the parties 120 days from the Rule 16 conference, and over a year from filing the Complaint, to complete discovery. The Rule 16 Order also advised that:

> Discovery requests must be served sufficiently in advance of the above deadlines to permit response prior to the applicable deadline. The time frames for responses to discovery requests provided in the Federal Rules of Civil Procedure may be shortened only by consent or court order.

> Counsel are advised that the schedule and deadlines set forth in this Order may not be revised or extended without the permission of the Court, and that requests for additional time will not be granted unless they are made reasonably in advance of the date(s) set forth above. Discovery not conducted in accordance with the above schedule and deadlines is waived unless a modification of this Order is granted by this Court prior to the date(s) set forth above, or the Court is promptly notified in writing of non-compliance and an Order compelling compliance is sought.

The Court held a status conference on May 19, 1995. The parties advised the Court that they had conducted little discovery but foresaw no problem complying with the July 24, 1995 cutoff date. Miltope's counsel candidly advised the Court that his client had moved out of the state and that he was having trouble getting them to timely comply with Hartford's discovery requests. Miltope's counsel requested that this Court enter a further discovery Order that he could use to get his client's attention. That day, I entered an Order requiring Miltope to respond to Hartford's long-outstanding interrogatories and document requests by June 19, 1995 and appear for its noticed Rule 30(b)(6) deposition by July 7, 1995. The Order added that: "No extensions will be granted and failure to comply with this Order will subject plaintiff to any or all of the sanctions provided for in Rule 37 of the Federal Rules of

Civil Procedure." The Court's May 19 Order also set a status conference for July 14.

The day before the scheduled status conference, plaintiff's counsel wrote to request an adjournment of this conference because he was still engaged in another trial. The letter did not advise the Court that his client had not yet answered defendant's interrogatories. The Court adjourned the conference until July 26, 1995.

At the July 26, 1995 status conference, defendant's counsel advised the Court that Miltope had not answered the defendant's interrogatories and document requests by June 19 as required, but rather that Miltope had served its answers on July 21, 1995.

The interrogatory answers were not sworn to by Miltope, but were verified by Miltope's counsel. Counsel's verification stated that "The reason I make this affirmation instead of Miltope Corporation is that plaintiff does not reside or maintain an office in the county in which counsel maintains his office."

Rule 33 clearly states that "Each interrogatory shall be answered separately and fully in writing *under oath*.... The answers are to be signed by the person making them, and the objections signed by the attorney making them." Fed.R.Civ.P. 33(b)(1)–(2). Rule 33 does not provide for the attorney to sign on behalf of an out-of-county or even out-of-state client.[2] The Court has separately ordered Miltope to verify its interrogatory answers.

The service of Miltope's interrogatory answers and accompanying document production on July 21, 1995 obviously prevented Hartford from deposing Miltope (or the former Miltope employees, and other non-parties with knowledge, identified in the interrogatory answers) before the July 24, 1995 discovery deadline.[3]

At the July 26, 1995 status conference, Hartford orally requested that the Court dis-

**2.** Plaintiff's counsel apparently was following the practice in the New York State courts that permit the attorney to verify a pleading if the party "is not in the county where the attorney has his office." CPLR § 3020(d)(3). That practice has no applicability to verification of interrogatory answers under Fed.R.Civ.P. 33.

**3.** Counsel for Hartford bears some responsibility in this matter, however, for failing to promptly bring to the Court's attention Miltope's failure to comply with the Court's Order to respond to the interrogatories by June 19, 1995.

miss Miltope's complaint or impose other appropriate sanctions.

## DISCUSSION

### The Court's Authority to Impose Sanctions

Rule 16(f), Fed.R.Civ.P., provides that

> If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees....

Rule 37(b)(2), Fed.R.Civ.P., provides that

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just ...

Rule 37(b)(2)(A)–(E) goes on to describe some of the sanctions that the Court can impose, including holding facts to be established, precluding a party from supporting or opposing claims or defenses, striking pleadings or dismissing the action, and treating the failure to obey the Order as a contempt.

In addition, as in Rule 16(f), Rule 37(b)(2) provides that instead of or in addition to other sanctions, "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure...."

■ The sanctions specified under Rule 37 are not exhaustive, and the Court may impose such sanctions as are just. *See* 2 M. Silberberg, *Civil Procedure in the Southern District of New York* § 26.09 at 26–26 (1995); 8A Wright, Miller & Marcus, *Federal Practice & Procedure* § 2284 at 612 (1994).

■ Finally, in addition to Rule 16(f) and Rule 37(b) of the Federal Rules of Civil Procedure, the Court has the inherent power to impose sanctions. *Pearson v. Coughlin,* 92 Civ. 1869, 1995 WL 366463 at *3 (S.D.N.Y. June 20, 1995) (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–46, 111 S.Ct. 2123, 2131–34, 115 L.Ed.2d 27 (1991)).

### The Sanction Imposed: A $1,000 Fine Payable to the Court Clerk

As the Supreme Court has made clear, sanctions for violation of discovery and scheduling orders "must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (*quoting National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)); *see also* 8A Wright, Miller & Marcus, *Federal Practice & Procedure* § 2284 at 640 (1994).

■ It is undisputed that the Court ordered plaintiff to respond to defendant's interrogatories and document requests by June 19, 1995, and that plaintiff did not respond until a month later, July 21, 1995, thus preventing defendant from completing its deposition of plaintiff (the Court had ordered plaintiff to appear for that deposition by July 7) and other discovery before the July 24, 1995 discovery cutoff. At the conference, plaintiff's counsel admitted his client's failure to comply with the Court's Order. Counsel's only "defense" of his client is that his client had moved out of state, had changed personnel, and was not as responsive as it should be to the discovery process. None of this is a valid excuse—particularly in light of the ample time plaintiff had to comply and the clear warning it received of the consequence of non-compliance. Moreover, plaintiff did not seek an extension of the discovery deadlines before they had expired; plaintiff merely ignored the deadlines and served plaintiff's interrogatory answers one month late.[4] Im-

---

**4.** Obviously, the fact that plaintiff eventually responded to the interrogatories does not "moot"

or otherwise prevent the Court from imposing sanctions. *See J.M. Cleminshaw Co. v. City of*

position of sanctions on the plaintiff itself is proper. The only issue is the appropriate sanction to impose.

■ Defendant sought dismissal of plaintiff's complaint. Such a sanction, however, is too severe. Preclusion also would be too severe a sanction at this time. Requiring plaintiff Miltope to pay defendant Hartford's attorney's fees and expenses "is the 'mildest' of the sanctions authorized by Rule 37." *J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. 338, 349 (D.Conn.1981) (Cabranes, J.) (*quoting Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979)). The only additional expense to defendant Hartford, however, would be that caused by attendance at an additional court conference, a *de minimis* amount. The Court therefore has considered the propriety of and its authority to assess a fine, payable to the Clerk of the Court, upon Miltope.

As then District Judge Cabranes has explained:

> The typical discovery sanction under Rule 37 is an assessment of costs and fees payable to the victimized party. The purpose of such sanction is largely compensatory. In contrast, a fine imposed upon an offending attorney [or party] is payable to the Court. Its purpose is essentially punitive and deterrent.

*J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. at 352 n. 11. Judge Cabranes concluded that the court "possesses inherent power to control the disposition of the cases before it," and this "includes the authority to 'levy sanctions in response to abusive litigation practices,'" and "[s]uch sanctions may include financial assessments against attorneys" or their clients. *Id.* at 352–54; *see also id.* at 355–60 (discovery authority and rationale for imposition of fine where attorney's fee sanction is not enough).

"Due regard for the need to vindicate the public interest in the sound administration of justice, as well as the deterrent function of Rule 37 sanctions," requires the imposition of

*Norwich,* 93 F.R.D. 338, 346 n. 4 (D.Conn.1981) (Cabranes, J.) ("It is 'settled,' however, 'that eventual compliance with the rules of discovery

a fine, payable to the Clerk of the Court, on Miltope. *Id.* at 360. For other cases imposing a fine payable to the Clerk of the Court on counsel or a party, *see, e.g., Graff v. Metro North Commuter R.R.,* 94 Civ. 2587, 1995 WL 363771 (S.D.N.Y. June 16, 1995) (plaintiff's and defendant's counsel each ordered to pay $500 to the Clerk of the Court); *Novelty Textile Mills, Inc. v. Stern,* 136 F.R.D. 63, 78 (S.D.N.Y.1991) (imposed fine of $250 payable to the Clerk of the Court, in addition to sanction of $2,000 for attorney's fees); *Mondouri v. Bally's Manufacturing, Inc.,* 90 Civ. 308, 1990 WL 68883 (E.D.N.Y. May 18, 1990) (imposed $250 fine on plaintiff's counsel, payable to the Clerk of the Court).

In line with Judge Kaplan's recent sanctions order in *Graff v. Metro North,* the Court believes that a $1,000 fine is appropriate. Accordingly, plaintiff Miltope is ordered to pay a fine of $1,000 to the Clerk of the Court by August 18, 1995. If plaintiff fails to do so, or otherwise fails to comply with discovery and discovery deadlines, it *will* be subject to additional sanctions under Rule 37, including possibly the dismissal of this action.

### CONCLUSION

For the reasons set forth above, plaintiff Miltope is ordered to pay a fine of $1,000 to the Clerk of the Court by August 18, 1995.

This Opinion and Order, however, is also addressed to a wider audience—the Bar and litigants before this Court. As the courts have repeatedly warned, parties and counsel ignore discovery orders and deadlines at their peril. There is no excuse for failing to comply with discovery deadlines, and if an extension is necessary, it must be sought before expiration of the deadline. Failure to comply with these oft-repeated instructions *will* result in the imposition of appropriate sanctions.

SO ORDERED.

does not preclude the imposition of sanctions.' ").