**Darlene Thomas RIVERS, Plaintiff,**

v.

**AMERICAN EXPRESS CENTURION SERVICES CORPORATION, etc., Defendant.**

No. 96–459–CIV–J–20C.

United States District Court, M.D. Florida, Jacksonville Division.

June 11, 1998.

Sarah Bohr, Jacksonville, FL, for Plaintiff.

Carmen M. Rodriguez, Miami, FL, for Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

CORRIGAN, United States Magistrate Judge.

### BACKGROUND

This employment discrimination case came before the Court on Plaintiff's Motion for Rehearing and for Evidentiary Hearing on Motion for Sanctions (Doc. 62), which has generated a number of supplemental filings and responses (Docs. 72, 74, 83, and 85). The dispute began with defendant's objection to plaintiff's request that defendant produce documents relating to the 1993, 1994 and 1995 employee annual surveys. The undersigned entered two Orders relating to this matter (Docs. 37 and 50). On February 20, 1998, the Court granted plaintiff's motion compelling defendant to produce certain documents relating to these employee annual surveys which defendant had tendered under seal pursuant to earlier Order of the Court (Doc. 54). This prompted plaintiff to file an Emergency Motion to Compel and for Sanctions (Doc. 55), alleging that defendant either had or should have additional documents relating to the employee annual surveys which should be produced. Based upon defendant's response that no additional documents existed (Doc. 57), the Court entered an Order denying the Motion to Compel on March 3, 1998 (Doc. 58). Plaintiff then filed the instant Motion for Rehearing and for Evidentiary Hearing alleging again that responsive documents either existed or that defendant had improperly destroyed them (Doc. 62). On April 24, 1998, the Court entered an Order (Doc. 75) taking plaintiff's Motion for Rehearing under advisement and ordering defendant to "recheck with all possible corporate departments or sources where there is any reasonable possibility that the requested survey documents would be located...." Pursuant to the Court's Order, defendant did recheck and on May 11, 1998, defendant filed a Certification of Counsel (Doc. 82) attaching an Affidavit of defendant's representative stating that responsive documents had indeed been discovered in an unlikely place and had been produced to plaintiff. Thus, the documents which plaintiff has been seeking are now in her possession. The late production of responsive documents has led plaintiff to renew her Motion for Sanctions (Doc. 83) contending that defendant's initial search for the documents and response to the Court's earlier Orders were inadequate and in bad faith. Defendant has responded in kind, accusing plaintiff's counsel of all sorts of misrepresentations (Doc. 85).

### COURT'S DECISION

While the animosity between counsel is regrettable, the Court has simply tried to determine the facts. Despite plaintiff's protests, I accept defendant's representative's sworn statement that defendant had made a diligent initial search for the responsive documents and had been unable to locate the documents until making another search in response to this Court's Order of April 24, 1998 (Doc. 75). It is apparently undisputed that once defendant located these documents, it immediately produced them to plaintiff and there is no indication that plaintiff believes additional responsive documents have not been produced. Thus, the Court does not find defendant to be in willful noncompliance with previous Orders of the Court.

This does not end the matter, however. Rule 37(a)(4)(A), Fed.R.Civ.P., provides that expenses should be awarded upon the Court's granting a motion to compel "if the disclosure or requested discovery is provided after the motion was filed, ..." unless the Court finds "that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Here, there is no doubt that, but for plaintiff's persistence in asking the Court to require defendant to renew its efforts to locate the responsive documents, defendant would not have produced them. Thus, even accepting defendant's position that it was acting in good faith, the costs to plaintiff of filing various motions in connection with her effort to obtain responsive documents should, in fairness, be attributed to defendant. Thus, pursuant to Rule 37(a)(4)(A) the Court is going to grant an award of reasonable com-

pensatory expenses incurred by plaintiff in bringing the various motions. *See Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y.1995) ("[t]he typical discovery sanction under Rule 37 is an assessment of costs and fees payable to the victimized party. The purpose of such sanction is largely compensatory."); *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir.1964) (Court need not find that defendant's failure to produce requested discovery was willful to find an award of expenses justifiable under Rule 37(a)(4)).

Rule 37 gives the Court great flexibility in assessing expenses. In *B.F. Goodrich*, 328 F.2d at 415, the court explained that Rule 37 is "a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." The Court believes that these parties have already expended enough time and expense on this issue. Therefore, the Court is going to set an award of expenses without taking evidence in the hope that both parties will accept the amount of the award and put this matter to rest. It is hereby

**ORDERED:**

1. Plaintiff's Motion for Rehearing and for Evidentiary Hearing (Doc. 62), which also includes supplements thereto (Docs. 72 and 83), is **GRANTED** to the extent stated in the body of this Order and is otherwise **DENIED.** No later than **July 7, 1998,** defendant will pay to plaintiff expenses in the amount of $500.00.[1]

2. If either party objects to the amount of the award of expenses determined by the Court, the party must file an objection (with any supporting evidentiary material) no later than **June 30, 1998.** If an objection is filed by either party, defendant has no obligation to pay any amount until the Court resolves the objection.

**DONE AND ORDERED.**

---

1. The Court is not awarding plaintiff any expenses relating to issue of production from third parties, Paul Gaske or LRI. The Court is focusing solely on defendant's failure to produce

defendant's own corporate documents, thus necessitating plaintiff's renewed efforts to secure production of those documents.