UNITED STATES DISTRICT COURT 
SOUTHERN DISTRICT OF NEW YORK 
---------------------------------------------------------------X 
TYLER ERDMAN, : 

 Plaintiff, : MEMORANDUM OPINION 

-v.- : 20 Civ. 4162 (LGS) (GWG) 

ADAM VICTOR, : 

 Defendant. : 
---------------------------------------------------------------X 
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE 

On January 4, 2024, the Court ordered defendant’s attorneys, Alfred J. Polizzotto and 
Emilio Rodriguez, to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 
16(f)(1)(C) for failing to comply with a Court order or failing to timely apply to extend a Court-
ordered deadline. See Order to Show Cause, filed Jan. 4, 2024 (Docket # 218) (“OSC”). The 
order to show cause was a result of defendant’s failure to timely produce certain privilege logs, 
see id., which have since been produced, see Letter, filed Jan. 10, 2024 (Docket # 221). Before 
the Court are Mr. Polizzotto’s and Mr. Rodriguez’s responses to the order to show cause and 
plaintiff’s reply.1 
Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court “[o]n motion or on 
its own,” to issue “any just orders” if a party or its attorney “fails to obey a scheduling or other 
pretrial order.” Fed. R. Civ. P. 16(f)(1); accord Martinez v. New York City Health & Hosps. 
Corp., 2017 WL 6729296, at *3 (S.D.N.Y. Dec. 28, 2017). Rule 16 incorporates most of the 

1 See Affidavit, filed Jan. 12, 2024 (Docket # 227); Affidavit of Alfred Polizzotto, III, 
filed Jan. 12, 2024 (Docket # 228) (“Polizzotto Aff.”); Defendant’s Memorandum of Law in 
Opposition to Sanctions, filed Jan. 12, 2024 (Docket # 229); Plaintiff’s Memorandum of Law in 
Support of Sanctions, filed Jan. 19, 2024 (Docket # 232). 
sanctions available under Fed. R. Civ. P. 37(b)(2)(A), including treating the violation as 
contempt of court. See Fed. R. Civ. P. 16(f)(1). 
When considering sanctions under Rule 16(f), courts have considered the factors applied 
in cases arising under Rule 37(b). See, e.g., Cohen v. U.S. Dep’t of Just./ATF, 2017 WL 

149987, at *2 (S.D.N.Y. Jan. 13, 2017); Martin v. Giordano, 2016 WL 4411401, at *15 
(E.D.N.Y. Aug. 18, 2016). These factors are: 
(1) the willfulness of the non-compliant party or the reason for noncompliance; 
(2) the efficacy of lesser sanctions; (3) the duration of the period of 
noncompliance, and (4) whether the non-compliant party had been warned of the 
consequences of noncompliance. 

S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citation and 
quotation marks omitted). “In deciding whether a sanction is merited, the court need not find 
that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow 
some sanction.” Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018) 
(citation and quotation marks omitted). Where a violation has been found, a district court “has 
wide discretion in imposing sanctions.” World Wide Polymers, Inc. v. Shinkong Synthetic 
Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (interpreting Fed. R. Civ. P. 37(b)(2)(A)) 
(internal quotation marks omitted). 
“The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from 
its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to 
serve as a general deterrent effect on the case and on other litigants as well.” Fonar Corp. v. 
Magnetic Plus, Inc., 175 F.R.D. 53, 56 (S.D.N.Y. 1997). As the Supreme Court has stated, 
sanctions for violating discovery orders “must be applied diligently both to penalize those whose 
conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to 
such conduct in the absence of such a deterrent.” Roadway Exp., Inc. v. Piper, 447 U.S. 752, 
763-64 (1980) (internal alterations and quotation marks omitted); accord Xu v. UMI Sushi, Inc., 
2016 WL 3523736, at *4 (S.D.N.Y. June 21, 2016). 
Here, defendant’s attorneys have repeatedly failed to comply with Court-ordered 
deadlines. The theme has been consistent: Mr. Rodriguez fails to comply with a Court-ordered 

deadline due to a claimed personal circumstance and the deadline is allowed to pass without any 
application for an extension. The Court has directed on several occasions that both Mr. 
Rodriguez and Mr. Polizzotto must be responsible for ensuring that either deadlines are met or, if 
necessary, that an extension is sought and granted. For example, on August 23, 2022, the Court 
noted that “[t]here are two attorneys on this case and if a court order cannot be complied with, all 
counsel are responsible for seeking an extension rather than violating the Court’s order.” 
Memorandum Endorsement, filed Aug. 23, 2022 (Docket # 159). On October 28, 2022, at a 
conference both Mr. Rodriguez and Mr. Polizzotto were directed to attend, see Memorandum 
Endorsement, filed Oct. 26, 2022 (Docket # 166), the Court again highlighted the obligations of 
both attorneys in meeting the Court’s deadlines. See Transcript, filed Nov. 1, 2022 (Docket # 

170) (“10/28 Tr.”), at 13:12-22 (“Well, I mean, the conduct in front of me has been outrageous. . 
. . You know, every now and then, something personal happens, but that usually happens once, 
and then someone else takes control. But to happen literally over and over and over again, you 
know, we’ve all been through personal matters. That’s why we have colleagues. We don’t blow 
off court orders.”). In that instance, plaintiff had filed a motion to compel discovery after 
defendant had allegedly not produced certain responsive documents. See Letter, filed July 13, 
2022 (Docket # 150). Defendant initially failed to respond to plaintiff’s letter in accordance with 
paragraph 2.A of the Court’s Individual Practices, see Order, filed July 19, 2022 (Docket # 151), 
and later filed a letter, see Letter, filed July 21, 2022 (Docket # 152), that “fail[ed] to respond to 
the issues raised by plaintiff,” see Order, July 26, 2022 (Docket # 153). Treating plaintiff’s 
request as unopposed, the Court directed defendant to “search all documents in repositories 
under his custody and control” and “provide plaintiff a sworn statement detailing his efforts to 
comply with this Order.” Id. at 1-2. The Court granted an extension to provide the sworn 

statement, see Memorandum Endorsement, filed Aug. 4, 2022 (Docket # 155), but following the 
extended deadline, plaintiff informed the Court that no such statement had been provided, see 
Letter, filed Aug. 19, 2022 (Docket # 156). Finally, nearly a month after the July 26, 2022 order 
had been issued, Mr. Rodriguez conceded that he had not complied with it and that the cause was 
certain personal circumstances. See Letter, filed Aug. 22, 2022 (Docket # 157). Following yet 
another letter from plaintiff alleging that the Court’s July 26, 2022 order had not been complied 
with, see Letter, Sept. 27, 2022 (Docket # 161), the Court scheduled a conference, see Order, 
filed Oct. 21, 2022 (Docket # 163). At the conference, Mr. Rodriguez indicated that no further 
search for responsive documents was done following the issuance of the July 26, 2022 order 
despite the order directing such a search, see 10/28 Tr. 6-10. Given the lack of compliance with 

the July 26, 2022 order, the Court directed that either defendant or one of defendant’s attorneys 
“file a sworn statement . . . detailing all efforts, in the past or ongoing, to produce documents 
responsive to plaintiff’s document requests, . . . include[ing] any efforts undertaken since July 
26, 2022.” Order, filed Oct. 28, 2022 (Docket # 169). After reviewing defendant’s submission, 
the Court concluded that “it [was] clear that defendant failed to comply with the Court’s July 26, 
2022 Order.” Order, filed Dec. 7, 2022 (Docket # 180). 
Before the Court is another example of a failure of both attorneys to take responsibility 
for missing a Court-ordered deadline. At a discovery conference held on December 21, 2023, 
the Court ordered defendant to produce certain privilege log entries “within one week,” or 
December 28, 2023. See Transcript, filed Jan. 2, 2024 (Docket # 213), at 25. Mr. Rodriguez 
specifically agreed that it would be “[n]o problem” to meet this deadline. Id. On January 2, 
2024, several days after the December 28, 2023 deadline for production of these logs, plaintiff 
filed a letter indicating that the Court’s order had been violated. See Letter, filed Jan. 2, 2024 

(Docket # 215). In his response, Mr. Rodriguez admitted that he failed to comply with the 
Court-ordered deadline and asserted that it was the result of a “family matter.” See Letter, filed 
Jan. 3, 2024 (Docket # 216). As was true of Mr. Rodriguez’s initial responses in similar 
situations, he made no apology for missing the deadline and instead used the occasion to attack 
the plaintiff. See id. at 1 (“[A]s has been typical for the Plaintiff, he is reaching for any 
advantage he can obtain because his case is lacking on the merits.”). 
Because the Court had previously indicated that “if a court order cannot be complied 
with, all counsel are responsible for seeking an extension rather than violating the Court’s order,” 
Memorandum Endorsement, filed Aug. 23, 2022 (Docket # 159), the Court’s order to show cause 
specifically directed as follows: “if there is a claim by Mr. Rodriguez that he was unable to make 

a timely application [for an extension of the Court-ordered deadline], both attorney affidavits 
must include a disclosure of any efforts by the attorney signatory to communicate with the other 
attorney regarding the Court-ordered deadline and the need to obtain an extension,” OSC at 2. 
In Mr. Rodriguez’s affidavit, he describes a personal circumstance that he contends made 
him unable either to comply with the Court’s order or, implicitly, to seek an extension of the 
deadline. But neither Mr. Rodriguez’s affidavit nor Mr. Polizzotto’s affidavit discloses any 
efforts by the attorneys to communicate with each other during this time period. Left 
unexplained is why Mr. Polizzotto was unaware of the Court-ordered deadline and why Mr. 
Rodriguez could not have taken one moment to reach Mr. Polizzotto during his family 
emergency and instruct him to make the application to the Court. Thus, the attorneys’ 
explanations fail to grapple with the fact that both attorneys are responsible to ensure compliance 
with court orders. Of course, regardless of when Mr. Rodriguez informed Mr. Polizzotto of his 
emergency, Mr. Polizzotto was equally responsible for taking action to ensure compliance with 

the Court’s order. 
The inattention to court orders has also occurred with respect to the scheduling of the 
“vendor conference” ordered by the Court on December 21, 2023. See Order, filed Dec. 21, 
2023 (Docket # 212). In that Order, the Court directed that defendant was required to arrange for 
a conference with discovery vendors “forthwith.” Id. Mr. Rodriguez has since admitted that he 
“did not reach out to anyone at Setec [one of the vendors who had to be at the conference] until 
the early evening of January 9” due to presumably the same personal circumstances. Letter, filed 
Jan. 11, 2024 (Docket # 225). This failure, however, continued well beyond the apparent 
conclusion of those circumstances. Additionally, there is no evidence that Mr. Polizzotto 
attempted to assist in complying with the Court’s order. 

The Court is confounded as to how to get Mr. Rodriguez and Mr. Polizzotto to take their 
obligations to the Court and to the discovery process seriously. Indeed, as the Court stated over 
a year ago, we are “running out of tools in the toolbox” to ensure defendant complies with its 
obligations. 10/28 Tr. 10. Considering the aforementioned factors, the pattern of delay and 
noncompliance weighs heavily in our determination that sanctions are appropriate. In 
determining the appropriateness of sanctions, a court “may consider the full record in the case.” 
See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 3304287, at *5 
(S.D.N.Y. May 8, 2023) (citation and internal quotation marks omitted). The pattern displayed 
by the attorneys speaks to all four of the factors. The attorneys’ conduct is willful in the sense 
that they have no processes in place to ensure compliance with Court-ordered deadlines or even 
to do the bare minimum of seeking an extension. See Gilead Scis., Inc. v. Safe Chain Sols. LLC, 
2023 WL 4991574, at *3 (E.D.N.Y. July 19, 2023) (the party’s noncompliance was found willful 
after a “pattern of delay, failure to comply with his discovery obligations, and an order from this 

Court that he do so”), adopted by 2023 WL 5024696 (E.D.N.Y. Aug. 7, 2023). Our previous 
warnings that Mr. Polizzotto must equally be responsible for the conduct in this case, and his 
subsequent failure to take responsibility, suggest that sanctions at this point are necessary. The 
pattern of noncompliance with court orders began months ago. Finally, while we have not 
previously warned specifically of the consequences of noncompliance, we have explicitly 
informed the attorneys that their conduct was unacceptable. Thus, a sanction under Rule 16(f) is 
appropriate. 
We have considered the imposition of a fine on the attorneys in this case as it is their own 
conduct and not that of their client that is the subject of the Court’s consideration. While a fine 
is not one of the sanctions listed in Rule 16 or Rule 37, case law makes clear that sanctions under 

Rule 16 may “include a fine payable to the Clerk of the Court.” Bouveng v. NYG Cap. LLC, 
2017 WL 6210853, at *5 (S.D.N.Y. Dec. 7, 2017) (citation and internal quotation marks omitted) 
(collecting cases). Indeed, case law is replete with instances of fines imposed pursuant to Rule 
16 or the related portion of Rule 37. See Miltope Corp. v. Hartford Cas. Ins. Co., 163 F.R.D. 
191, 194-195 (imposing a fine of $1,000 after plaintiff failed to respond to defendant’s discovery 
requests for one month and failed to seek an extension despite “the clear warning it received of 
the consequence of non-compliance”); Chevrestt v. Barstool Sports, Inc., 2020 WL 2301210, at 
*3-5 (S.D.N.Y. May 8, 2020) (imposing a fine of $3,000 and legal fees after attorney failed to 
timely file an affidavit of service and provide licensing information in a copyright case); 
Friedman v. SThree PLC., 2017 WL 4082678, at *14 (D. Conn. Sept. 15, 2017) (imposing a fine 
of $150 per day, totaling $1,350, for noncompliance with a court order); McConnell v. Costigan, 
2002 WL 313528, at *15 (S.D.N.Y. Feb. 28, 2002) (imposing a fine of $1,000 due to a party’s 
“lateness in submitting their opposition papers and in paying the monetary sanction imposed” by 

the court); Chi v. Age Grp., Ltd., 1995 WL 564159, at *5-6 (S.D.N.Y. Sept. 22, 1995) (imposing 
a fine of $3,500, payable to defendant’s counsel, for failing to seek extensions on discovery and 
comply with court-ordered deadlines). Given the attorneys repeated violations, a fine would be 
amply justified. 
Nonetheless, we will elect to exercise our discretion to forgo the imposition of a 
monetary fine. Accordingly, the Court orders the following lesser sanctions tailored specifically 
to impress upon the attorneys their need to take their discovery obligations and court orders 
seriously: 
(1) Mr. Rodriguez and Mr. Polizzotto are both directed to attend all future Court 
conferences in this case and to make themselves equally responsible and available for all aspects 
of the litigation of this case, including responding to any requests for conferrals by plaintiff as 
required by paragraph 2.A of the Court’s Individual Practices. 

(2) Beginning on January 26, 2024, and continuing every Friday thereafter for the 
duration of the discovery period, Mr. Polizzotto and Mr. Rodriguez shall transmit to plaintiff a 
letter signed by both attorneys that describes all efforts then currently underway to respond to 
any discovery requests from plaintiff and that reference any applicable deadlines, whether 
agreed-upon or court-ordered. The purpose of the letter is to maximize the information available 
to plaintiff as to the status of discovery and to ensure that both attorneys are aware of all 
discovery obligations and deadlines, whether court-ordered or otherwise. If plaintiff finds a 
particular letter to be incorrect or inadequate, plaintiff shall contact the attorneys directly to 
resolve the matter before involving the Court. 

We expect that these measures will ensure that Mr. Rodriguez and Mr. Polizzotto fulfill 
their obligations to the Court and to the discovery process. They are warned that any future 
violations of court orders or discovery obligations will result in additional sanctions, including 
but not limited to a fine. 
 SO ORDERED. 
Dated: January 25, 2024 
New York, New York 

 Sos Grose 
 United States Magistrate Judge