**Keisha SMALLS, Plaintiff–Appellant,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY and Patricia Trimarchi, Defendants–Appellees.**

No. 03–7270.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

Stephen T. Mitchell, New York, New York, for Appellant.

Milton H. Pachter, (Carlene V. McIntyre and Megan Lee, on the brief), New York, New York, for Appellees.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on February 28, 2003, is hereby AFFIRMED.

Plaintiff–Appellant Keisha Smalls appeals the district court's dismissal of her employment discrimination complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute. We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain our decision.

For twenty-one months after commencement of this action, plaintiff took no action to prosecute this case. Accordingly, on February 6, 2003, the district court issued an order requiring plaintiff to show cause on or before February 20, 2003, as to why the case should not be dismissed for lack of prosecution. On February 20, 2003, plaintiff's counsel sought a one-week adjournment to comply with the court's order. When plaintiff had still made no showing within the requested one-week period, the district court dismissed the case on February 28, 2003. Without seeking reconsideration from the district court or otherwise attempting belatedly to comply with the show-cause order, plaintiff filed this appeal.

In the exercise of its broad discretion "to achieve the orderly and expeditious resolution of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), a district court is authorized to dismiss a case for lack of prosecution "both on defendant's motion and *sua sponte,*" *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972); *see* Fed.R.Civ.P. 41(b). We will review such a dismissal only for abuse of discretion. *See Shannon v. General Electric Co.*, 186 F.3d 186, 193 (2d Cir.1999) (affirming dismissal where the plaintiff took no action to further case for almost two years and failed to respond to order to show cause).

Because dismissal is a "harsh remedy to be utilized only in extreme situations," *Le-Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) (citation omitted), a district court contemplating *sua sponte*

dismissal under Rule 41(b), appropriately considers a variety of factors:

■ the duration of the plaintiff's failures, ■ whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. General Electric*, 186 F.3d at 193–94 (quoting *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994) (citations, alterations and internal quotation marks omitted)). "Generally, no one factor is dispositive," *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d at 485, and while it facilitates appellate review for the district court to state its reasoning, the sound exercise of district court discretion does not require the explicit discussion of these factors "on the record," *Shannon v. General Electric*, 186 F.3d at 194 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).

In arguments raised for the first time on appeal, plaintiff submits that her case should not have been dismissed because (1) the delay in prosecution was attributable to the district court's own failure to issue a scheduling order or pre-trial conference; (2) her counsel's ability to prosecute this case was compromised by both the events of September 11, 2001, and his obligation to complete another case before the same judge; (3) the district court never gave plaintiff express notice that further delay would result in dismissal; (4) defendants were not prejudiced by the delay; and (5) the district court failed to consider alternative remedies to dismissal. We are not convinced.

■ It is an attorney's responsibility to press his client's case, and the lack of a scheduling order does not absolve him of that responsibility. *See Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir.1996) (quoting *Lukensow v. Harley Cars*, 124 F.R.D. 64, 66 (S.D.N.Y.1989) ("It is not the duty of the Court ... to contact plaintiffs and to urge or require them to prosecute this action, nor are defendants under any duty to take any steps to bring this case to trial.")).

■ As for the tragic events of September 11, 2001, if these precluded prosecution of the case even into February 2003, or if other case commitments had that effect, the proper course of action would have been to inform the court of these concerns, not to let the case languish, and certainly not to ignore an order to show cause. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir.1980). To the extent plaintiff submits the docket sheet in another case to support her argument that the district court compelled her attorney to pursue that case at the expense of her own, we need not address defendant's objection to our consideration of that document because the scheduling order and status conferences noted on the docket sheet do not, in fact, support the argument advanced by plaintiff.

■ We also find that plaintiff was adequately on notice that her failure to respond to the order to show cause would likely result in the dismissal of her action, as the district court's February 6, 2003 order specifically advised plaintiff that her case would be dismissed for failure to prosecute if she did not show cause for the lack of progress in the case by February 20, 2003 (extended to February 27, 2003 at plaintiff's request). *See Shannon v. General Electric*, 186 F.3d at 194.

With respect to plaintiff's prejudice argument, we note that "[p]rejudice to the defendants resulting from [an] unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d at 43, "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult," *Shannon v. General Electric*, 186 F.3d at 195. Given the "prolonged" delay in this case, "a presumption of prejudice is particularly appropriate." *Id.*

Finally, we disagree with plaintiff that the district court considered no alternative remedies before ordering dismissal. The fact that it waited until February 28, 2003, to order dismissal demonstrates its willingness to grant plaintiff reasonable adjournments if she would, in fact, pursue the case. What the court would not tolerate was plaintiff's failure to pursue the case at all, as evidenced by her failure to respond to an explicit order to show cause even within the extended time requested. *See generally Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990) (per curiam) (noting that district court's grant of additional time to comply with court orders, together with its warning that failure to comply could prompt dismissal, demonstrated its exploration of other options before ordering dismissal of suit pursuant to Fed. R.Civ.P. 37(b)(2)(C)).

In sum, because we conclude that the relevant factors weighed in favor of dismissal, we conclude that the district court did not abuse its discretion. The district court's judgment dismissing plaintiff's complaint for lack of prosecution is hereby AFFIRMED.