[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2361

RICHARD MAX STRAHAN,

Plaintiff, Appellant,

v.

NEW ENGLAND AQUARIUM, ET AL.,

Defendants, Appellees.

No. 00-2363

RICHARD MAX STRAHAN,

Plaintiff, Appellant,

v.

ROBERT HURST, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

_____

Richard Max Strahan on brief pro se.

Edward T. Patten on brief for appellee Dolphin Fleet of Provincetown, Inc.

Ansel B. Chaplin and Chaplin & Chaplin on brief for appellee Center for Coastal Studies.

Joseph F. Shea and Nutter, McClennen & Fish on brief for appellee New England Aquarium.

John C. Cruden, Acting Assistant Attorney General, Samuel D. Rauch and Mark R. Haag, Attorneys, Department of Justice, and Francis H. Esposito, Office of the Chief Counsel, United States Coast Guard, on brief for Federal appellees.

_____

**January 15, 2002**

_____

**Per Curiam**. In these consolidated pro se appeals, Richard Max Strahan challenges the summary dismissal of separate lawsuits alleging violation of § 9 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a). The lawsuits were brought on behalf of listed species of whales, and in one case, also on behalf of listed species of sea turtles. For the following reasons, we affirm.

Strahan v. New England Aquarium challenges the practices of whale watch vessels operated by the New England Aquarium and the Dolphin Fleet of Provincetown, Inc. Strahan v. Hurst challenges United States Coast Guard operations. In both cases, defendants filed motions for summary judgment and Strahan sought extensions of time for responding. Roughly three months after the last extension expired, and in the absence of any further filings by Strahan (must less any document supporting an opposition to defendants' motions), the district court dismissed the two suits for lack of prosecution under Fed. R. Civ. P. 41(b) and on the alternative ground that the motions for summary judgment were well-founded.

A summary judgment motion cannot be granted based on an adverse party's failure to respond. See Carmona v. Toledo, 215 F.3d 134 n.9 (1st Cir. 2000); Fed. R. Civ. P.

56(e) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered") (emphasis added). However, there is some authority that, notwithstanding this rule, a case can be dismissed at the summary judgment stage under Rule 41(b) if the court determines that the plaintiff's failure to respond constitutes a failure to prosecute. See, e.g., Custer v. Pan American Life Ins. Co., 12 F.3d 410, 415 (4th Cir. 1993); Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 110 (S.D.N.Y. 1997).

In the instant case, Strahan's failure to meet the extended deadlines for filing oppositions fell against a recent background of missed deadlines and delay on his part. Contrary to his suggestion, a warning is not an absolute requirement before dismissal. See Robson v. Hallenbeck, 81 F.3d 1, 3-4 (1st Cir. 1996). Strahan had the opportunity to explain his defaults by way of a motion to reinstate. He filed such a motion but did not proffer any valid excuses.

Arguably, Strahan's conduct rose to the level of a failure to prosecute under Rule 41(b). However, we need not decide whether the dismissals can be upheld on this basis alone. The district court did not purport to dismiss the two cases solely on this ground but rather made an independent

determination that summary judgment was warranted.  Upon review of the record, we, too, are persuaded that the dismissals were otherwise justified.

Summary judgment was warranted in New England Aquarium based on Strahan's failure to comply with Loc. R. 56.1, which justified the court in deeming admitted the facts presented in the movants' statements of undisputed facts. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Strahan suggests on appeal, without record citation, that the record contains "several scientific studies" sufficient to create a material issue of fact.  However, the presence of Loc. R. 56.1, requiring Strahan to file a response to guide the court, removed any requirement that otherwise might exist that the district court ferret through the record before ruling on defendants' summary judgment motions. See Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989).  In any event, Strahan fails to specifically identify any of these studies or explain how they enhance his claims.[1]

The dismissal in Hurst was warranted based on Strahan's failure to comply with the sixty-day notice

---

[1]We also reject Strahan's suggestion that summary judgment was improper because he was provided inadequate opportunity for discovery.  Strahan does not articulate what discovery he sought or needed, and, thus, provides no basis to question the district court's handling of discovery.

-5-

requirement before filing suit. <u>See</u> 16 U.S.C. § 1540(g)(2)(A)(i) (providing that a citizen may not bring suit under the ESA prior to sixty days after written notice of an alleged violation has been given to the Secretary and the alleged violator). Strahan sent his notice of intent to sue on March 19, 1998, and the complaint was filed only twenty-eight days later. This court has interpreted the sixty-day notice requirement in environmental statute citizen suits strictly. <u>See</u> <u>Water Keeper Alliance</u> v. <u>United States Dep't of Defense</u>, 271 F.3d 21, 29 (1st Cir. 2001).[2]

<u>Affirmed</u>.

----

[2]We recognize that the notice mailed in <u>Hurst</u> purported to be a "continuation" of notices sent between 1989 and 1992. However, in the interim, Strahan litigated <u>Strahan</u> v. <u>Linnon</u>, 94cv11128, involving a substantially identical "takings" claim. In 1997, <u>Linnon</u> was resolved in the Coast Guard's favor. <u>See</u> <u>Strahan</u> v. <u>Linnon</u>, 967 F. Supp. 581 (D. Mass. 1997). <u>Hurst</u> is based, in part, on events that post-date <u>Linnon</u>. However, to the extent that the second suit could go forward and is not precluded by the first, new notice and a full sixty-day period was required.