**Zomongo.TV USA Inc. v Capital Advance Servs., LLC**

2024 NY Slip Op 31701(U)

May 14, 2024

Supreme Court, Kings County

Docket Number: Index No. 512735/2021

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-------------------------------------------x
ZOMONGO.TV USA INC. D/B/A ZOMONGO.TV
USA, JOCELYNE LISA HUGHES-OSTROWSKI and
JEREMY GENE OSTROWSKI,

                              Plaintiffs,      Decision and order

            - against -                        Index No. 512735/2021

CAPITAL ADVANCE SERVICES, LLC,
                              Defendant,        May 14, 2024
-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                   Motion Seq. #9


        The plaintiff has moved pursuant to CPLR §3025 seeking to

amend the complaint to add causes of action for trespass,

conversion, a claim for RICO pursuant to 18 USC §1962(c) and

caim for RICO pursuant to 18 USC §1962(d).  The defendant has

opposed the motion.

        As recorded in prior orders, the plaintiff, Zomongo, a

corporation involved in the advertising industry, entered into

two merchant cash agreements with the defendant.  The first

agreement was dated February 12, 2018 whereby the defendant

purchased $449,700 of plaintiff's future receivables for

$300,000.  The second agreement was dated April 11, 2018 whereby

the defendant purchased $861,925 of plaintiff's future

receivables for $575,000.  The complaint alleges the defendant

failed to deliver the purchased amounts pursuant to the

agreements and improperly withdrew daily amounts in excess of the

amounts to which the parties agreed.  The plaintiff now seeks to

amend the complaint as noted.

[*1]

Conclusions of Law

On May 4, 2022 in another action between the same parties the court held that levies served upon a bank in Illinois and Arizona was void (see, Decision and Order [NYSCEF Doc. 219]). Further, in another action with the same plaintiff and a different defendant, with a similarly improper levy, the plaintiff withdrew tort claims for trespass and conversion. The court in that case explained that "the plaintiffs contend that in Plymouth Venture Partners, the Court of Appeals conclusively decided that the proper avenue for litigating claims like the plaintiffs' claims concerning the issuance of an unlawful levy is by filing a CPLR §5240 motion under the Index Number from which the levy stemmed. Accordingly, the plaintiffs cross-move to withdraw those of their claims which they feel are improper under Plymouth Venture Partners" (see, ZomongoTV.USA Inc., v. GTR Source LLC, 78 Misc3d 461, 185 NYS3d 559 [Supreme Court Nassau County 2023]). That withdrawal was based upon Plymouth Venture Partners, II, LP v. GTR Source, LLC, 37 NY3d 591, 163 NYS3d 467 [2021] which held that the exclusive remedy available following an improper levy is to file a motion pursuant to CPLR §5420 and that "CPLR 5240 provides courts with the ability to craft flexible and equitable responses to claims that arise with respect to enforcement of valid money judgments" (id). The court categorically rejected the argument that tort causes of action

2

[*2]

could be filed as well.

The plaintiff argues that they have satisfied the requirements of CPLR §5240, have obtained a determination the levy was improper, and now, after that determination, may pursue tort claims. However, that would essentially permit any party aggrieved by an improper levy to eventually pursue tort claims. Plymouth Venture Partners, II, LP v. GTR Source, LLC (supra) never endorsed a delayed pursuit of tort claims at all. Indeed, the decision states that "CPLR article 52...is the exclusive avenue for a judgment debtor seeking relief from the use of an enforcement mechanism that does not comply with article 52's requirements" (id). The decision does not support the plaintiff's argument that it is just the exclusive first step for a judgement debtor, in what amounts to a two-step process, but rather it is the exclusive avenue in all ways. Further, the decision noted that CPLR Article 52 is sufficient by "providing a flexible array of procedures for relief from violations of the statute" (id). To the extent the remedies available pursuant to CPLR Article 52 are not as broad or as advantageous as tort claims, the legislature's decision to curtail them is a determination which cannot addressed in this forum. Lastly, the plaintiff's reliance upon the dissent in Plymouth Venture Partners, II, LP v. GTR Source, LLC cannot possibly carry any weight considering the majority's conclusions.

3

[*3]

Therefore, the plaintiff is barred from asserting any tort claims and the motion seeking to amend the complaint to add claims for trespass and conversion is denied.

Turning to the RICO claims, to succeed on a RICO claim, the moving party must demonstrate three elements: (1) a violation of the RICO statute, 18 USC §1962; (2) an injury to business or property; and (3) the injury was caused by the violation of section 1962 (Spool v. World Child Int'l Adoption Agency, 520 F.3d 178 [2d. Cir. 2008]). Under 18 USC §1962(c) it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. Racketeering activity is defined as any activity included within 18 USC §1961(1). That statute includes within racketeering activity the collection of an unlawful debt (id). For purposes of this lawsuit unlawful debt is defined as any debt "which was incurred...in connection with the business of...lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate" (18 USC §1961((6)(B)).

To maintain an action for unlawful debt it must be established that (1) the debt was unenforceable in whole or in part because of state or federal laws relating to illegal usury,

4

[*4]

(2) the debt was incurred in connection with "the business of lending money...at a [usurious] rate," (3) the usurious rate was at least twice the enforceable rate, and (4) as a result of all the above factors the plaintiff was injured in his or her business or property (Durante Bros. & Sons Inc., v. Flushing National Bank, 755 F2d 239 [2d Cir. 1985]).

The court has already determined that the plaintiff may not assert claims based upon usury. Thus, notwithstanding, there are independent reasons the RICO statute may not be pleaded. In addition to establishing racketeering, the plaintiff must demonstrate the defendants engaged in an enterprise. A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity" (see, 18 USC §1961(4)). Thus, the 'enterprise' must be an entity "separate and apart from the pattern of activity in which it engages" (United States v. Turkette, 452 US 576, 101 S.Ct 2524 [1981]). In Goldfine v. Sichenzia, 118 F.Supp2d 392 [S.D.N.Y. 2002] the court held that "in a fraud-based RICO claim, if the sole purpose of the alleged enterprise is to perpetuate the alleged fraud, there can be no enterprise for RICO purposes" (id). This does not conflict with Second Circuit precedent concerning the definition of an enterprise which does not really address the narrow issue raised here, namely that the sole

5

[*5]

purpose of the enterprise is to perpetrate the fraud (see, Pavlov v. Bank of New York Co., Inc., 25 Fed. Appx. 70 [2d Cir. 2002], cf., Sands Harbor Marina Corp., v. Wells Fargo Insurance Services of Oregon Inc., 2013 WL 12368689 [E.D.N.Y. 2013]). In this case the entire purpose of the enterprise was to defraud the plaintiffs and engage in unlawful debt collection methods. There has been no evidence presented the enterprise served a purpose other than to engage in the alleged fraud (Goldfine, supra). Indeed, the Proposed Amended Complaint asserts that "The RICO Persons have organized themselves and the Enterprise into a cohesive group with specific and assigned responsibilities and a command structure to operate as a unit in order to accomplish the common goals and purposes of collecting upon unlawful debts" (see, Proposed Amended Complaint {Redline Version}, ¶320 [NYSCEF Doc. No. 192]). The Amended Complaint further asserts "since at least 2012 and continuing through the present, the members of the Enterprise have had ongoing relations with each other through common control/ownership, shared personnel and/or one or more contracts or agreements relating to and for the purpose of collecting upon fraudulent fees through electronic wires (see, Proposed Amended Complaint {Redline Version}, ¶318 [NYSCEF Doc. No. 192]). Thus, according to the Proposed Amended Complaint the entire enterprise was created merely to defraud the plaintiffs. Upon those representations the plaintiff has failed to

6

demonstrate the existence of an enterprise. Consequently, the motion seeking to amend the complaint to assert RICO causes of action is denied. Likewise, the motion to amend the complaint to assert conspiracy pursuant to 18 USC §1962(d) is denied. Thus, the motion seeking to amend the complaint to assert any of the proposed claims is denied.

  So ordered.
        ENTER:


DATED: May 14, 2024
   Brooklyn N.Y.       Hon. Leon Ruchelsman
              JSC